168 P.2d 240

CASEY v. MARSHALL et ux.

No. 4808.

Supreme Court of Arizona.

April 22, 1946.

Hill, Robert & Hill, of Phœnix, for appellant.

Gust, Rosenfeld, Divelbess & Robinette, of Phœnix, for appellees.

MORGAN, Judge.

Plaintiff brought suit against defendants for recovery of damages growing out of an automobile collision at the intersection of East Roosevelt and North Seventh Streets, Phœnix, at about the hour of 2 o'clock in the morning, on May 22, 1944. The facts were:

Plaintiff was driving his car in a westerly direction. Defendant's automobile, being operated by their seventeen year old son, was proceeding southerly on Seventh Street. The intersection controls—flashing signals—consisted of yellow flashes for north and south traffic on Seventh Street, and red flashes for Roosevelt east and west traffic. The Phœnix city ordinances require drivers of vehicles to stop before entering the intersection, where the flashing signal is red, and where the flashes are yellow to proceed into the intersection "only with caution and in safety." Plaintiff made a momentary or hesitant stop at the intersection and proceeded to cross, driving between seven and ten miles an hour. He nor none of those in his automobile saw defendants' approaching car, which was being driven at a speed of between 25 and 45 miles per hour. Nor did the driver of that car see plaintiff's car until the moment of collision.

The collision occurred in the northwest segment of the intersection, west of the center line of Seventh Street, and 10 to 15 feet from the northwest corner. From the point at which plaintiff had entered the intersection, he had driven 30 feet. The evidence indicates that at the time plaintiff made hesitant stop and entered the intersection, defendants' car was about the middle of the block north of Roosevelt. Both cars had lights. The intersection was lighted. The view of the intersection and its approaches was unobstructed. The driver of defendants' car did not apply his brakes and, after the collision, was unable to do so because of broken connections. Defendants' car struck the center of plaintiff's car on the right-hand side. The north line of Roosevelt Street, west of the intersection, is a few feet south of the same line east of the intersection. Plaintiff's car was turned slightly to the left when the impact occurred. Both cars drove about 50 feet south on Seventh Street before coming to a stop. Severe injuries were suffered by plaintiff, and both automobiles were damaged.

Plaintiff alleged negligence on the part of the driver of defendants' car, which was denied by defendants, who set up the defense for contributory negligence. Counterclaim for damages to defendants' car was made. The cause was tried before a jury which found verdicts against defendants on their counterclaim, and against plaintiff on his complaint. Judgment being entered, and plaintiff's motion for new trial having been denied, appeal was taken by him to this court.

The only claim of error made is upon the failure of the trial court to give the follow-

ing offered instruction upon the doctrine of last clear chance: "The jury are instructed that, if you find that the plaintiff had negligently placed himself in a perilous situation, and that the driver of the defendants' automobile, by the exercise of reasonable care, could have seen and should have seen the perilous situation of the plaintiff in time to have avoided injuring him, by the exercise of reasonable care on the part of the driver of the automobile, then such negligence on the part of the plaintiff will not defeat his right to recover, if the negligence of the plaintiff had terminated or culminated in a situation of peril from which the exercise of ordinary care on his part would not thereafter extricate him."

Plaintiff supports his claim that this instruction should have been given by two propositions. First, in determining whether the instruction was justified, the evidence taken in support of plaintiff's theory must be considered in its most favorable light to that end. Second, where there is any reasonable theory supported by the evidence, it is the duty of the court to instruct upon such theory.

Defendants do not contest these propositions. Their position is that they have no application for the following reasons: 1. To be available to the plaintiff the "last clear chance doctrine" or theory should have been pleaded. It was not made an issue by the pleadings, and therefore the instruction was properly denied. 2. The doctrine may not be invoked unless from the evidence it can be found that the driver of defendants' car discovered, or by the exercise of reasonable care should have "discovered the plaintiff's position of peril in time so that by the exercise of due care he could have averted the accident."

■ With respect to requests for instructions, it was said in Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30, 32: "It must be remembered that in determining whether an instruction is justified, we must consider the evidence in the strongest possible manner in support of the theory of the party asking the instruction."

This appears to be the rule. Morris v. Pacific Electric R. Co., 2 Cal.2d 764, 43 P.2d 276; Hambleton & Co. v. Union National Bank of Pittsburgh, 161 Md. 318, 157 A. 404.

■ It is well settled that on appeal the court must assume that the jury, as the trier of the facts, accepted the view of the evidence most favorable to the winning party. This rule, however, does not apply in determining whether instructions should or should not have been given. We must assume that the jury might have believed the evidence upon an instruction in favor of the losing party was predicated, and that if the correct instruction had been given "the jury might have rendered a verdict in favor of the losing party." O'Meara v. Swortfiguer, 191 Cal. 12, 214 P. 975, 976. The truth of the evidence or allegations tending to warrant the instruction offered will be assumed by the court on ap-

peal. Arnold & Son Transfer & Storage Co. v. Weisiger, 224 Ky. 659, 6 S.W.2d 1084; Dixon v. Green, 178 N.C. 205, 100 S.E. 262; Stephens v. City of El Dorado Springs, 185 Mo.App. 464, 171 S.W. 657.

■■ Whether it was necessary, before the adoption of the new Rules of Civil Procedure, to affirmatively plead the last clear chance doctrine to make it an issue, we need not determine. It is our view that under the present rules no pleading is required specifically setting up the last clear chance doctrine. Section 21-404, ACA 1939, Rule 8(a), provides that the complaint shall consist of a short and plain statement of the claim. The gist of section 21-408, ACA 1939, Rule 8(e), is that all pleadings must be simple, concise and direct. By the provisions of section 21-409, Rule 8(f), all rules must be construed as to do substantial justice. In section 21-448, it is provided that "leave [to amend] shall be freely given when justice so requires." Under section 21-449, Rule 15(b), amendments to conform to the evidence shall be freely granted when "the merits of the action will be subserved thereby." Such amendment may be made even after judgment.

In the recent case of Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603, 611, we said: "The relief to which a party is entitled depends upon the facts pleaded rather than upon the theories advanced." Here, the plaintiff alleged that he had reached the westerly side of the intersection, and was all times in plain view of the driver of defendants' car. Notwithstanding this, said driver carelessly and negligently drove his automobile into and against plaintiff's automobile. The negligence of the driver of defendants' car was thus alleged to be the proximate cause of the injury. The last clear chance doctrine is only one of the rules of law to be applied in the determination of whose negligence is the proximate cause of the accident or injury complained of. The allegations of the complaint were, therefore, sufficient for the application of the rule. We think the statement of the Circuit Court of Appeals, 4th Circuit, in Swift & Co. v. Young, 107 F. 2d 170, 172, is applicable to the situation here: "The last clear chance doctrine is but one of the rules of law applied in determining whose negligence is to be deemed the proximate cause of an injury complained of; and there would seem to be no occasion for pleading it where the negligence of the defendant relied on for the application of the doctrine is pleaded as the proximate cause of the injury. * * *."

■ The last clear chance doctrine is recognized in this jurisdiction. Garlington v. McLaughlin, 56 Ariz. 37, 104 P.2d 169. Where there is evidence disclosing the fact elements, the question is one for the jury. Geist v. Moore, 58 Idaho 149, 70 P.2d 403; Center v. Yellow Cab Co. of Los Angeles, 216 Cal. 205, 13 P.2d 918. The rule regarding the doctrine is clearly stated in Grand Trunk R. Co. of Canada v. Ives, 144 U.S.

408, 12 S.Ct. 679, 687, 36 L.Ed. 485, 493, as follows: " * * * Without going into a discussion of these definitions, or even attempting to collate them, it will be sufficient for present purposes to say that the generally accepted and most reasonable rule of law applicable to actions in which the defense is contributory negligence may be thus stated: Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured; subject to this qualification, which has grown up in recent years (having been first enunciated in Davies v. Mann, 10 Mees. & W. 546), that the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence. (Citing cases)."

Perhaps a clearer statement of the doctrine appears in Restat. of the Law, Torts, sec. 479, Contributory Negligence, wherein it is said:

"A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,

"(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

"(b) the defendant

"(i) knows the plaintiff's situation and realizes the helpless peril involved therein; or

"(ii) knows of the plaintiff's situation and has reason to realize the peril involved therein; or

"(iii) would have discovered the plaintiff's situation and thus had reason to realize the plaintiff's helpless peril had he exercised the vigilance which it was his duty to the plaintiff to exercise, and

"(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff."

The evidence was sufficient, if believed by the jury, to sustain a finding that the driver of defendants' car, in the exercise of reasonable care, should have seen plaintiff's automobile as it proceeded through the intersection. While there might be some excuse for plaintiff's failure to see defendants' car coming from the north, since plaintiff was facing west and presumably looking in the direction in which he was driving, this does not apply to the driver of defendants' automobile. He was facing south and should have been looking in that direction. In the exercise of due care, he should have seen plaintiff's car as it crossed over. He was approaching an intersection with yellow flashing signals which required him to proceed "only with caution and in safety" upon entering.

The evidence is that plaintiff's car after entering the intersection, traveled 30 feet at a low rate of speed, approximately 10 miles per hour, or 15 feet per second. If defendants' car was traveling 25 miles per hour, it was two seconds before the collision about 72 feet north of the intersection when plaintiff entered. If the car was traveling at the rate of 35 miles per hour, it was probably 100 feet away, and if at the rate of 45 miles per hour, it was approximately 132 feet above the intersection. From these facts, the jury might have said that after seeing plaintiff's position of peril, or which by the exercise of reasonable care the driver of defendants' car could have seen, he might have avoided the collision by applying his brakes or changing his course.

While the driver of defendants' automobile stated that he did not see plaintiff's automobile until practically the instant of the collision, the jury had a right to infer, under the circumstances, that he should have seen the automobile. Presumably he was looking where he was driving. The street was well lighted. There were no obstructions. We believe the doctrine "to look is to see" would have relevancy here. Barry v. Southern Pacific Co., 64 Ariz. 116, 166 P.2d 825, 829. In that case we said: " * * * We believe that the so-called rule 'to look is to see' is a necessary and salutary rule, but it can have no application in the instant case. If plaintiff had been upright and could have been seen clearly by the exercise of reasonable care, we think the rule would apply."

In weighing the sufficiency of the evidence in this case to justify the giving of the requested instruction, the inferences which reasonably and logically flow from the evidence are to be considered. Such inferences are a part of the evidence. Atchison, Topeka & Santa Fe R. Co. v. Hicks, 64 Ariz. 15, 165 P.2d 167.

The defendants have called our attention to Restat. of the Law, Torts, section 480, Last Clear Chance, Negligently Inattentive Plaintiff:

"A plaintiff who, by the exercise of reasonable vigilance could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover if, but only if, the defendant

"(a) knew of the plaintiff's situation, and

"(b) realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and

"(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff."

This section would not be controlling on the facts proven at the trial. The evidence tended to show that plaintiff stopped at least momentarily at the intersection and

looked, but failed to see defendants' automobile. Even if he had, from the testimony it would appear that defendants' automobile was at a considerable distance north of the intersection, and plaintiff might well have believed that he had ample time to cross. He would have had the right to assume that the driver of defendants' car would proceed into the intersection with caution and in safety. No danger from the negligence of the driver of defendants' car was then observable. It may be that on a retrial of the issues, the law as set forth in this section of the Restatement may become applicable and require the giving of an instruction based upon defendants' theory of the case. The decision of the supreme court of Colorado, in Independent Lumber Co. v. Leatherwood, 102 Colo. 460, 79 P.2d 1052, discusses both sections 479 and 480, supra. The facts in that case were very similar to those in the case at bar. The court held that section 479 correctly states the rule of last clear chance as applied to the situation, rather than section 480.

In our view, the evidence was sufficient to justify the giving of the requested instruction on the last clear chance doctrine. The rule has been established in this court that instructions which go to the gist of the action, and which are justified by the evidence, must be given. Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975; Webb v. Hardin, supra. See also Brown v. Yocum, 113 Cal. App. 621, 298 P. 845. Failure to do so constitutes reversible error.

The judgment of the trial court is reversed, and the cause remanded with directions to grant a new trial.

LA PRADE, concurring.

STANFORD, Chief Justice (dissenting).

On appeal the plaintiff has complained that the court erred in refusing to give an instruction on the rule of the last clear chance. The plaintiff testified: "The car was on me before I knew it." The defendant testified in respect to this matter: "I never once saw the car until I hit it and I was just about two feet from it."

There was no time according to this testimony that the defendant had to avoid the accident. Time is the important element in considering the doctrine of last clear chance.

It is well established that the doctrine of last clear chance is not applicable unless the peril of the injured party is actually discovered and his peril appreciated in time to prevent his injury by the exercise of ordinary care. So there was no evidence that would warrant the trial court in submitting the instruction complained of to the jury.

Neither the complaint nor cross-complaint put in issue the doctrine of last clear chance by alleging that by the exercise of due care one might have discovered the negligence of the other in time to have avoided the collision.

From the foregoing it is apparent that there was no opportunity for the driver of either car to avoid the collision after seeing the other car.

Under these circumstances I cannot concur in the majority opinion.