437 P.2d 991

Delbert W. AEGERTER and Maxine G. Aegerter, husband and wife, dba A & A Ambulance Co., and Ronald W. Wolfe, Appellants and Cross Appellees,

v.

George C. DUNCAN and June A. Duncan, husband and wife, Appellees and Cross Appellants.

No. 2 CA–CIV 319.

Court of Appeals of Arizona.

Feb. 28, 1968.

Rehearing Denied March 29, 1968.

Review Denied April 30, 1968.

Whitehill, Feldman, Scott & Berger, by John L. Claborne, Tucson, for appellants.

W. Mercer Bouldin, Tucson, for appellees.

KRUCKER, Judge.

This case arises out of a motor vehicle collision between an ambulance owned by defendant Aegerter and driven by defendant Wolfe, and an automobile driven by plaintiff George Duncan in which his wife was a passenger. After a jury verdict in favor of the defendants, the trial court entered an order granting plaintiffs' motion for a new trial. The motion set forth several claims of error but the trial court expressly based its order only on the failure to give plaintiffs' requested instruction on last clear chance. Defendants appeal from the order granting the new trial. Plaintiffs cross-appeal from the denial of their motion for a new trial based on the several other grounds.

The facts briefly stated are as follows. On the night of Sunday, February 2, 1964

an ambulance belonging to A & A Ambulance Co. and driven by defendant Wolfe was dispatched in response to a private emergency call. The ambulance proceeded eastward on Grant Road. At approximately 10:00 p.m. the ambulance approached the intersection of Grant Road and Swan Road, both of which were paved at that point. The intersection was controlled by a traffic signal light suspended on a cable over the center of the intersection. There is no dispute as to the fact that the east-west aspect of the signal was red at the time the ambulance entered the intersection.

The plaintiffs had been to dinner at the Skyline Country Club and were proceeding homeward, southbound on Swan Road. The windows on their car were rolled up, the heater was on, and the radio was off. The plaintiffs testified that neither of them saw the ambulance until immediately before impact. Defendant Wolfe testified that he saw the Duncan vehicle when it was approximately one block back from the intersection. The Duncan vehicle slowed to 30–35 mph about 50 to 65 yards from the intersection. It maintained this speed up to the intersection where it was struck by the ambulance. There seems to be no question that the red flashing lights and the rotating dome light on the ambulance were operating at all times before the accident. However, the operation of the siren is in dispute. Wolfe testified that at night the siren is not operated continuously so as to avoid disturbing people along the route. He testified that the horn-ring siren had been sounded before the intersection and was still sounding as he approached it. A night attendant at a Circle K store located some 250 feet from the intersection testified that he saw the ambulance go by with red lights operating but did not hear the siren at all, though he would have heard it had it been sounding since the doors to the store were open facing the street. The Duncans both testified that they had not heard a siren at any time prior to the collision.

After a verdict in favor of the defendants, the trial court entered the following Order:

"IT IS ORDERED, ADJUDGED AND DECREED that a new trial be granted under the provisions of R. 59(E) for the reason that the Court committed error in its charge to the jury by refusing to give plaintiffs' requested instruction on 'Last Clear Chance.' The remaining points of plaintiffs' motion for new trial are denied."

The authority in Arizona is quite complete as to the trial judge's broad discretion in granting a new trial. Also, our Supreme Court has been quite reluctant to reverse the trial court's order for a new trial unless there is clear abuse of that discretion. Pacific Guano Co. v. Pinal County Land Co., 1 Ariz.App. 34, 399 P.2d 122 (1965). The burden is upon the party who disagrees with the action of the trial court to show such an abuse of discretion in the granting of a new trial. Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966). More particularly, the rule is that when the trial court is faced with a requested instruction on last clear chance, the evidence must be construed in a light most favorable to the party requesting the instruction. Trauscht v. Lamb, 77 Ariz. 276, 270 P.2d 1071 (1954); Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240 (1946).

At least three decisions of our Supreme Court indicate that in a case involving a collision between a moving plaintiff and a moving defendant, the doctrine of last clear chance is usually not applicable. Odekirk v. Austin, 90 Ariz. 97, 366 P.2d 80 (1961); Terzis v. Miles, 90 Ariz. 120, 366 P.2d 683 (1961); American Smelting & Refining Co. v. Wusich, 92 Ariz. 159, 375 P. 2d 364 (1962). Under these decisions and Section 480 of the Restatement of Torts, which these decisions avowedly follow, it is necessary that the defendant see the plaintiff in a dangerous situation before there is an initial entree into the "exceptional"[1]

1. Quote from Odekirk v. Austin, 90 Ariz. at 103, 366 P.2d 80.

doctrine of last clear chance. This is clearly recognized in the Restatement:

"It is not enough that the defendant sees the plaintiff in a position which would be dangerous were the plaintiff not aware of what is going on. It is also necessary that the defendant realize or should realize that the plaintiff is inattentive and, therefore, is in peril. The defendant is entitled to assume that the plaintiff is paying or will pay reasonable attention to his surroundings; until he has reason to suspect the contrary, he has no reason to believe that the plaintiff is in any danger."

Restatement (Second) of Torts § 480, Comment *b* (in part).

■ We believe there was sufficient evidence presented to justify the giving of a last clear chance instruction, and hence we hold that there was justification for granting a new trial for failure to so instruct.

There was testimony that this was an open intersection and that Wolfe and the attendant in the ambulance (who had the duty of reporting to the driver the existence of conflicting traffic) had the plaintiffs' car in view at all times for the last 150 yards of its approach to the intersection. According to all witnesses, after the momentary application of brakes, 50 to 65 yards from the intersection, the plaintiffs' car continued at constant speed into the intersection.

■ Further, there was evidence that the ambulance was traveling at much less speed immediately prior to the accident,[2] thus indicating greater last-minute control of the situation on the part of the ambulance driver. This aspect becomes important in appraising whether the finder of facts might have found that the defendant had a last, *clear* chance to avoid this accident. This concept, that there be a "clear" opportunity to avoid the accident, we believe, is still of

the essence of the subject rule, even though it is not emphasized in the Restatement version of the doctrine. The doctrine should not be applied to fast-happening accidents when neither party had an opportunity to exercise judgment. Coyner Crop Dusters v. Marsh, 90 Ariz. 157, at 167, 367 P.2d 208 (1961); and see Landeis v. Poole, 69 Wash. 2d 515, 418 P.2d 717 (Wash.1966).

Also to be taken into account here is the rule-of-the-road that requires drivers of all other vehicles, upon the approach of an authorized emergency vehicle exhibiting a red light and sounding a siren (as the driver of the ambulance contended he was doing), to:

" * * * yield the right of way and * * * immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway * * *." A.R.S. § 28–775.

That the plaintiffs' car was not observing this requirement should have been very apparent to those in the ambulance. Additionally, we have evidence that the night was cold and windy, thus increasing the chances the threshold of hearing in the plaintiffs' vehicle would be above the sound of a siren, and, we have Wolfe's testimony:

"Q. Sir, listen to the question.

If you are going down the street and your lights are going and the siren is going, many times, and I am sure you have had this happen to you, many times people just don't see you or hear you because—

"A. That is correct.

"Q. —because you are at an unexpected place and time. Isn't that correct, sir?

"A. This is correct."

Under all these circumstances, the triers of fact might very well conclude that Wolfe knew of the plaintiffs' perilous situation and should have appreciated that Duncan was misled by the green light at the intersection

---

2. The ambulance, a relatively heavy Cadillac, came to rest at the point of impact, only 3½ feet into the intersection, while the plaintiffs' lighter passenger car, after being hit on the right side, continued through the intersection, coming to rest after it hit a utility pole immediately to the south. There were no skid marks showing application of brakes by either the ambulance or the passenger car.

and was oblivious to the approach of the ambulance. We therefore find no abuse of discretion in ordering the new trial for the reason stated by the trial court.

We are of the opinion that the cross appeal is not proper and requires dismissal.

■ It is the clear law that a party may not appeal from a judgment by which he is not "aggrieved." Rule 73(a), Rules Civ. Proc., 16 A.R.S.; In re Roseman's Estate, 68 Ariz. 198, 203 P.2d 867 (1949); Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965). In order to be "aggrieved" by a judgment " * * * there must be a denial of some personal or property right to the party by the decree, and such denial must come as a direct result of the decree * * *." In re Roseman's Estate, 68 Ariz. at 200, 203 P.2d at 868.

■ The order from which the plaintiffs seek to cross appeal is one *completely* in their favor. They were granted a new trial. They could not enlarge their rights thereunder so as to require a cross appeal. Maricopa County v. Corporation Commission of Arizona, 79 Ariz. 307, 289 P.2d 183 (1955). The fact the court may have stated the wrong reason for granting their motion is the sole complaint of the plaintiffs on appeal. That a court rules in favor of a party for wrong reasons does not give grounds for appeal. 4 C.J.S. Appeal & Error § 183, at 567; 4 Am.Jur.2d Appeal and Error § 185, at 695–96. Nor does the mere fact that an appeal has been filed by the aggrieved party give the prevailing party grounds to file a cross appeal. 4 C.J.S. Appeal & Error § 183, at 556.

■ When the defendants appealed from the order granting the new trial, the plaintiffs could, by means of cross-assignments of error, defend or support the order for any reason appearing in the record, regardless of the reason given by the trial court. Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, at 166, 412 P.2d 272 (1966).[3]

Since we have sustained the trial court's reason for granting a new trial, the plaintiffs' arguments in support of the order appealed from are rendered superfluous.

For the reasons herein stated, the order granting a new trial is affirmed and the cross appeal is dismissed.

HATHAWAY, C. J., and MOLLOY, J., concur.

this court in Boudreaux v. Edwards, 7 Ariz.App. 178, 437 P.2d 430 (1968).

---

3. We recognize that a contrary view has been expressed by Division One of