468 P.2d 578

**George Edward HIBNER, Jr., Appellant,**

**v.**

**Ruby B. GLEASON, as surviving spouse of Arthur Louis Gleason, Appellee.**

**No. 9855.**

Supreme Court of Arizona,
In Division.

April 29, 1970.

Lewis, Roca, Beauchamp & Linton, Phoenix, for appellant.

Langerman, Begam & Lewis, Phoenix, for appellee.

HAYS, Justice.

Plaintiff, Mrs. Ruby Gleason, brought a wrongful death action against George Edward Hibner, Jr., defendant, seeking damages for the death of her husband. At the trial, the jury returned a verdict for defendant Hibner, and plaintiff moved for a new trial. The trial court granted plaintiff's motion on the ground that error had been committed in failing to give to the jury plaintiff's requested instructions on last clear chance. Defendant has appealed, asserting that there was no evidence supporting submission of the last clear chance doctrine. We affirm the action of the trial court.

The basic facts relevant to the issue presented are as follows: Mr. Gleason, the

decedent, 71 years of age, was struck by an automobile driven by defendant Hibner while Gleason was attempting to walk across Indian School Road in Phoenix, Arizona. The attempted crossing was made in the 5200 block of East Indian School Road at a point where the street is 56 feet wide and has two lanes for traffic in each direction. There was no crosswalk in the area of the accident.

The following eye witnesses to the accident testified at trial: Defendant Hibner, who was traveling in the inner eastbound lane; a young man named Truelich, who was a passenger in Hibner's car; a Mr. Pflaum, who was driving an automobile in the outer eastbound lane to the right and just ahead of Hibner; and a Mrs. Fowler, who was driving her westbound automobile in the outer westbound lane. Plaintiff also called one of the investigating police officers who described the scene, indicated the point of impact, and measured the skid marks. Another expert witness, a police officer, also testified as to skid marks, stopping distances, and certain tests he had conducted.

It appears uncontradicted that the decedent started across the street, became aware of oncoming traffic before he reached the center of the road, indecisively changed directions, and was struck by Hibner's vehicle. There is a sharp conflict in the evidence as to the speed of Hibner's and Pflaum's vehicles which were at least part of the time traveling at the same rate of speed in two eastbound lanes. More importantly, there is an apparent conflict in the evidence with regard to the location of Hibner's vehicle at the time he first became aware of the decedent. This conflict appears in an examination of the testimony of Truelich, defendant Hibner's passenger.

 Defendant asserts that plaintiff's motion for a new trial does not require the exercise of discretion on the part of the trial court, and involves strictly a question of law. He further asserts that by reason of the foregoing there is a different standard of review which must be applied, and

in support thereof cites Gillespie Land and Irrigation Company v. Gonzalez, 93 Ariz. 152, 379 P.2d 135 (1963). We fail, however, to see that the *Gillespie* case truly supports defendant's position. Both parties to this appeal seem to agree as to the law; they cite the same authorities on last clear chance, and they expound the same rules. The great divergence comes in the application of the facts to the law, and it is here that the discretion of the trial court comes into play. The rule is that the evidence must be construed in a light most favorable to the party requesting the instruction on last clear chance. Trauscht v. Lamb, 77 Ariz. 276, 270 P.2d 1071 (1954); Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240 (1946); Aegerter v. Duncan, 7 Ariz.App. 239, 437 P.2d 991 (1968). The burden is upon the defendant here to show an abuse of discretion in the granting of a new trial. Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966).

The most definitive expression of this court's position on the subject of last clear chance is found in Odekirk v. Austin, 90 Ariz. 97, 366 P.2d 80 (1961). In that case we said:

"We conclude that the doctrine of last clear chance is applicable in this jurisdiction under the following circumstances: 1. (a) The plaintiff has negligently subjected himself to a danger and such negligence has terminated or culminated in a situation of peril from which he could not, by the exercise of reasonable care, extricate himself; (b) the defendant saw or ought to have seen the peril of the plaintiff, and (c) the defendant thereafter has a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so. 2. (a) The plaintiff has negligently subjected himself to a danger which he could have avoided by the exercise of reasonable vigilance; (b) the defendant actually saw or knew of the plaintiff's situation and realized or ought to have realized that the plaintiff was inattentive, and (c) the defendant thereafter had a last clear chance to avoid in-

juring the plaintiff by the exercise of reasonable care and fails to do so. 90 Ariz. at 102, 366 P.2d at 83.

Admittedly there are discrepancies in the testimony of the various witnesses, but we, in reviewing the case, do not presume to weigh the evidence. It appearing to us that there is some evidence in support of plaintiff's theory that the last clear chance instructions should have been submitted to the jury, we cannot say that the trial court abused its discretion in granting a new trial.

We affirm and remand for a new trial.

UDALL and McFARLAND, JJ., concur.