717 P.2d 918

**ARIZONA PUBLIC SERVICE COMPANY, Plaintiff-Appellant,**

v.

**The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellee.**

**No. 1 CA–CIV 7273.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 19, 1985.

Reconsideration Denied Dec. 18, 1985.

Review Denied April 15, 1986.

Snell & Wilmer by Loren W. Counce, Jr., Douglas W. Seitz, James P. Muehlberger, Phoenix, for plaintiff-appellant.

Fennemore, Craig, von Ammon, Udall & Powers by Calvin H. Udall, Nancy L. Rowen, Phoenix, for defendant-appellee.

## OPINION

FROEB, Chief Judge.

This appeal follows the trial court's denial of the petition of Arizona Public Service Company (APS) for confirmation of arbitration award and for judgment involving pole rental rate for the years 1977–1979.

The dispute arises out of a contract dated April 7, 1938, signed by the predecessor of APS, Central Arizona Light and Power Company, and Mountain States Telephone and Telegraph Company (Mountain Bell). The contract states that the parties agree to "establish joint use of their respective poles...." Such agreement provided each party with common support for their "wires, cables and other appurtenances" used for the "construction, operation and maintenance" of each party's respective plant.

Article XI of the contract discusses the method used to determine the rental charges for the shared use of poles:

As a basis for determining the rental charges under this Agreement, it is agreed that the rental for the use of a joint pole, any portion of which is occupied by or reserved for the attachments, of the Licensee shall be an amount equal to one-half (½) of the average total annual cost per pole of providing and maintaining the standard joint pole covered by this Agreement.

It was also agreed that an adjustment of the rental charges could be made every three years at the timely, written request of either party. If the parties could not agree on the rental charges, Article XI, section a, provides that the dispute would proceed to arbitration.

In 1938, both parties owned approximately the same number of poles and both parties charged a $2.60 per pole, per annum rental rate for the joint use of their poles. This rate was not adjusted until 1968 when both parties agreed to charge a $4.50 per

pole, per annum rental rate. Thereafter, the rate increased on two more occasions. In 1976, APS requested a readjustment of the rental rate for the 1977–1979 term. A rental rate could not be agreed upon, so the dispute proceeded to arbitration.

After almost one year of arbitration, the Arbitration Board established "as the pole rental rate to be applied under the terms of the 1938 joint use pole agreement for the triennium 1977, 1978, 1979, the sum of $17.62 per pole, per annum." APS thereafter filed a motion to clarify decision and award "to indicate expressly that the rental rate [the Board] determined is that owing APS from Mountain Bell, and, if appropriate, to set the rate Mountain Bell [was] entitled to receive from APS."

The Board found in its "Ruling on Post Award Motions" that,· while the parties had, up to this point, always established a uniform rental rate, this was only because, in the past, the parties costs had been closely parallel. The Board concluded that the rate specified in its Decision and Award was the rate payable by Mountain Bell to APS for use of APS's owned joint use poles. Additionally, the Board concluded that since APS's "call for Arbitration did not request a determination of two rates, and since Mountain Bell ... never expressly submitted to the board the question of its rate ..." the board would not determine the rate to be charged by Mountain Bell to APS.

Thereafter, APS filed a petition for confirmation of arbitration award and for judgment. In a minute order, the trial court found the 1938 contract to be void pursuant to A.R.S. § 40–285(A). In the subsequent judgment, the court denied APS's motion to confirm arbitration award and granted Mountain Bell's motion to dismiss. This appeal followed.

*Does A.R.S. § 40–285(A) void the 1938 contract between APS and Mountain Bell for joint use of poles?*

■ In its motion to dismiss, Mountain Bell argued, in part, that A.R.S. § 12–

1512(A)(3) prohibited confirmation of the arbitrators' pole rental rate award to APS because the arbitrators had exceeded their power by basing their award on a void contract. Prior to entering judgment denying the petition of APS to confirm the arbitration award and granting the motion of Mountain Bell to dismiss, the trial court issued a minute order stating that the 1938 contract for joint use of poles was void because it lacked authorization from the Corporation Commission pursuant to A.R.S. § 40–285(A).[1]

At the time this matter was before the trial court, A.R.S. § 40–285(A) read, in pertinent part:

> *[An ]  ...  electrical, telephone, telegraph ... corporation shall not sell, lease, assign, mortgage or otherwise dispose of or encumber ... any part of its line, plant, or system, necessary or useful in the performance of its duties to the public,* or any franchise or permit or any right thereunder ... *with any other public service corporation without first having secured from the [corporation] commission an order authorizing it so to do.* Every such disposition, encumbrance or merger made other than in accordance with the order of the commission authorizing it is *void.* (Emphasis added)

APS argues the contract is not a disposition of its property within the meaning of the statute and relies upon *American Cable T.V. v. Arizona Public Service Co.,* 143 Ariz. 273, 693 P.2d 928 (App.1983). Alternatively, it argues that ARS § 40–285(A) does not void *contracts* for dispositions falling within the province of A.R.S. § 40–285(A), rather it voids only *the dispositions* themselves. In addition, APS asserts that because the arbitrators granted a pole-rental rate award, they necessarily found the 1938 contract not to be void and such a determination is final and conclusive. Last, APS argues that Mountain Bell

---

1. The formal written judgment does not state why the court denied APS's petition to confirm

the arbitration award or why it granted Mountain Bell's motion to dismiss.

waived its right to contest the validity of the 1938 contract.

In support of the judgment, Mountain Bell asserts that "[b]ecause the property leased under the [1938] Agreement was a substantial part of the plant or system of public service corporations, and because the parties never obtained Corporation Commission approval of their arrangement, their Agreement was void under A.R.S. § 40–285A."

We hold that the application of A.R.S. § 40–285(A) to this case has been decided by *American Cable T.V. v. Arizona Public Service Co.* In *American Cable,* the court of appeals held that the Corporation Commission does not have jurisdiction over cable television pole attachment agreements. At issue was the question: Did the Commission have authority to regulate cable television pole attachment agreements pursuant to its power provided in A.R.S. § 40–285(A)? In that case it was argued that since all parts of a utility pole are "necessary or useful" in the utility's performance of its duties to the public, the rental of such "necessary or useful" property must be authorized by the Commission pursuant to A.R.S. § 40–285(A). This argument was rejected by this court:

> We believe that the legislature intended in § 40–285 to prevent a utility from disposing of resources devoted to providing its utility service, thereby 'looting' its facilities and impairing its service to the public. In the present case, a cable can only be attached to a utility pole if there is additional or surplus space and therefore that part of the pole is not currently 'necessary or useful' to the utility's service to the public. (Citation omitted)

143 Ariz. at 277, 693 P.2d at 932.

Mountain Bell seeks to distinguish *American Cable* from the present case on the ground the pole space at issue here is "necessary or useful" within the meaning of A.R.S. § 40–285(A). We find nothing in the record to support this conclusion. We also find that the fact the licenses involved in *American Cable* were revocable does not distinguish that case from the present

issue. Neither are we persuaded that other Arizona statutes are dispositive of this issue. Therefore, the arbitrators did not exceed their powers in basing their pole rental rate award on the 1938 contract.

Because *American Cable* disposes of this issue, we need not address the remaining arguments relating to the validity of the 1938 contract.

### Has Mountain Bell properly presented cross-issues on appeal?

■ Preliminarily, we reject APS's argument that Mountain Bell is prohibited from raising certain arguments in support of the judgment because it did not file a cross-appeal. APS relies on *Walters v. First Federal Savings and Loan Association,* 131 Ariz. 321, 641 P.2d 235 (1982) in support of its contention.

*Walters v. First Federal Savings and Loan Association* is distinguishable from the instant case. In *Walters,* First Federal moved to exclude evidence of one of the claims asserted against it. First Federal argued that collateral estoppel barred the claim. This motion was denied. A motion for directed verdict on the same basis was also filed and denied. First Federal ultimately recovered a jury verdict in its favor. Walters appealed and First Federal again raised the affirmative defense of collateral estoppel. The supreme court rejected First Federal's defense, stating that First Federal should have filed a cross-appeal "to assert a defense which was not permitted in the trial court."

The present case differs from *Walters* in that APS admits in its reply brief that none of the issues raised in Mountain Bell's answering brief were barred from presentation in the trial court. It is a well established rule in Arizona that "an appellate court will consider cross-questions by the appellee when they support the actions of the trial court. (citation omitted)." *Madisons Chevrolet, Inc. v. Donald,* 109 Ariz. 100, 104, 505 P.2d 1039, 1043 (1973). In *Maricopa County v. Corporation Commission of Arizona,* 79 Ariz. 307, 310, 289

P.2d 183, 185 (1955), the supreme court stated that if an appellee

> in its brief seeks only to support or defend and uphold the judgment of the lower court from which the opposing party appeals, a cross-appeal is not necessary. (citation omitted). If, however, it is sought by such cross-assignments to attack said judgment with a view either of 'enlarging his own rights thereunder or of lessening the rights of his adversary' he must cross-appeal by conforming with the rules of court by giving notice of appeal. (citation omitted).

It is clear in the present case that Mountain Bell seeks only to defend the judgment of the lower court and not to attack the judgment by way of enlarging its own rights or of lessening APS's rights. Since Mountain Bell prevailed in the trial court, "the appropriate mechanism for raising a question on appeal is by cross-assignment of error. (citation omitted)." *DeLozier v. Smith,* 22 Ariz.App. 136, 139, 524 P.2d 970, 973 (1974). *See also Gillespie Land & Irrigation Co. v. Jones,* 63 Ariz. 535, 164 P.2d 456 (1945); *Sheehan v. Pima County,* 135 Ariz. 235, 660 P.2d 486 (App.1982); *Kalil Bottling Co. v. Burroughs Corp.,* 127 Ariz. 278, 619 P.2d 1055 (App.1980); *City of Kingman v. Havatone,* 14 Ariz. App. 585, 485 P.2d 574 (1971); and *Aegerter v. Duncan,* 7 Ariz.App. 239, 437 P.2d 991 (1968). Accordingly, the cross-issues presented by Mountain Bell are hereafter addressed.

### *Did the arbitrators incorrectly interpret the 1938 contract as providing for separate rental rates?*

As a cross-issue, Mountain Bell contends that the arbitrators were presented with one issue: What was the *single* per pole rental rate applicable to both Mountain Bell and APS for the years 1977, 1978 and 1979? Mountain Bell argues that because the arbitrators found only the rate payable to APS by Mountain Bell rather than a single rate for both parties, the arbitrators exceeded their powers by failing to decide the issue presented to them.

It argues that the trial court was correct in refusing to confirm the award. *See* A.R.S. § 12–1512(A)(3). Mountain Bell relies on *Goldsberry v. Hohn,* 120 Ariz. 40, 583 P.2d 1360 (App.1978) as authority for this contention.

The arbitrators found that the 1938 contract did *not* specify that a single pole rental rate was to be applied to both parties, rather, both parties were to charge their own pole rental rate. Mountain Bell is *actually* challenging this legal and factual determination of the arbitrators. An argument concerning an incorrect legal or factual determination by the arbitrators will not be reviewed by this court. An arbitration board's decision is "final both as to questions of fact and law (citation omitted)." *Smitty's Super-Valu, Inc. v. Pasqualetti,* 22 Ariz.App. 178, 180, 525 P.2d 309, 311 (1974).

### *Did the arbitrators correctly determine APS's pole rental rate?*

Mountain Bell asserts that the arbitrators "exceeded their jurisdiction" in arriving at APS's $17.62 pole rental rate. It contends that the arbitrators "rewrote" and "redefined" a part of the parties' contract concerning the pole rental rates for the years 1968–1976. Mountain Bell also argues that the arbitrators violated the parol evidence rule in their calculation of pole rental rate.

*In Smitty's Super-Valu, Inc. v. Pasqualetti,* a similar argument was presented to the court. One of the parties argued that the arbitrators "exceeded their powers" by basing their award on improper factual considerations since to do so would be relying on evidence not admissible in a court. The court of appeals disagreed:

> In apparent recognition of the foregoing authorities which would preclude the court from reviewing the merits underlying the arbitration award, the lessors couch their attack in the context that the arbitrators 'exceeded their powers', that 'they awarded upon a matter not submitted to them.' ... As the authorities previously cited clearly demonstrate, the decisions of the arbitrators on questions

of fact *and of law* are final and conclusive...." (Emphasis supplied) 22 Ariz.App. at 181–182, 525 P.2d 309, 312–313. Accordingly, Mountain Bell's argument fails since the calculation of the pole rental rate was a question of fact and law for the arbitrators.

### *Is the arbitrators' award valid under Article XXII of the 1938 contract?*

Article XXII of the 1938 contract states, in part:

> To the Board of Arbitrators, consisted as above provided, the question or questions in controversy shall be promptly submitted, and the Board shall finally and definitely decide the same so that no questions involved in the matter in controversy is left open for future decision.... Should the Board fail to render a decision as aforesaid, the arbitration shall be of no effect....

Mountain Bell contends that because the arbitrators failed to determine the single pole rental rate applicable to both parties, Article XXII renders the arbitration award void. We have already resolved this issue by holding that the arbitrators properly decided the issue before it. Therefore, this argument is without merit.

### *Entry of Judgment upon Remand*

■ APS requests that this court reverse the decision of the trial court so that the arbitration award can be confirmed. APS also requests that the matter be remanded to the trial court "for determination of APS' claim for a money judgment for the unpaid rental."

Mountain Bell responds that A.R.S. § 12–1511 limits the trial court to entering a judgment upon the arbitrators' award which, in this case, establishes APS's pole rental rate of $17.62 per pole, per annum for the years 1977, 1978 and 1979. A further determination by the trial court of the amount of a money judgment would, therefore, be in excess of the trial court's jurisdiction, argues Mountain Bell. We agree.

A.R.S. § 12–1511 states, in part:

> A party seeking confirmation of an award shall file and serve an application

therefor in the same manner in which complaints are filed and served in civil actions ... [T]he court shall enter judgment *upon the award*.... (Emphasis added)

APS has failed to cite any authority for the order it seeks. In 5 Am.Jur.2d *Arbitration and Award* § 162 (1964), it states:

> The first step toward confirmation of the award under modern arbitration statutes is a motion to confirm. Where the arbitrators make their decision fairly and honestly, after a full hearing on the questions submitted and if the requirements of the statutes have been complied with, the court will grant the order confirming the award. Immediately thereafter, or concurrently, a judgment or decree is entered *in conformity with the order*, and this judgment may be enforced as any other judgment. (Emphasis added)

In conclusion, the judgment of the trial court denying confirmation of the award is reversed and the case is remanded with directions to enter judgment limited to the matters ruled upon by the Board of Arbitration.

CORCORAN and EUBANK, JJ., concur.