770 P.2d 370

**ARIZONA WATER COMPANY, an Arizona corporation, Plaintiff/Appellant,**

v.

**ARIZONA DEPARTMENT OF WATER RESOURCES, an agency of the State of Arizona, Defendant/Appellee.**

**No. 2 CA–CV 88–0213.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 29, 1988.

Review Denied April 11, 1989.

Jennings, Strouss & Salmon by M. Byron Lewis and James M. Ackerman, Phoenix, for plaintiff/appellant.

Arizona Dept. of Water Resources by Barbara A. Markham, Chief Counsel, Phoenix, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

Arizona Water Company appeals from the judgment of the trial court affirming the decision of appellee Arizona Department of Water Resources (DWR) denying its 35 applications for Type 2 non-irrigation grandfathered water rights under the Groundwater Code, Title 45, Chapter 2, 14 A.R.S. Arizona Water contends that DWR wrongly interprets the code and that its interpretation results in an unconstitutional "taking" of its wells without compensation and creates a constitutional conflict between DWR's powers and those of the Arizona Corporation Commission. We find no merit to Arizona Water's contentions and affirm.

Arizona Water Company furnishes water service to approximately 20 communities in the state. In September 1981, it filed applications for Type 2 rights for 35 of its wells. Twenty-two of the wells are in the Pinal Active Management Area, 10 are in the Phoenix Active Management Area and three are in the Tucson Active Management Area. See A.R.S. §§ 45–411 through 45–421. All 35 wells are connected to Arizona Water's distribution system. As a result, all the wells are located within Arizona Water's service area, and the company may withdraw groundwater from them pursuant to A.R.S. § 45–492. The rights to withdraw water pursuant to that section are referred to as service area water rights and are not involved in this appeal.

A hearing was held in June 1984 before a DWR hearing officer who later issued findings of fact and conclusions of law and denied all 35 applications. After Arizona Water filed a request for review, the findings and conclusions were altered somewhat, but the decision was unchanged.

Arizona Water then filed suit in superior court seeking judicial review of the administrative decision. The company alleged, in addition to the two constitutional arguments raised on appeal, that the decision irrationally discriminated against private water companies, that it abrogated the company's constitutional water rights and constituted an unlawful restraint on alienation of property, and that the Groundwater Code is an unconstitutional special law and violates the company's equal protection rights. The company also alleged a violation of its rights pursuant to 42 U.S.C. § 1983. DWR filed a motion to dismiss the § 1983 action and the other named defendants, contending that the court lacked jurisdiction over them. The trial court granted the motion. Although the ruling is not entirely clear, the court did agree to consider the claims raised regarding the constitutionality of the statutes under which the applications were denied and ruled that Arizona Water's eminent domain claim for damages would remain, pending the determination of constitutionality. DWR has not cross-appealed from that ruling.

After written arguments on the issues were submitted, the trial court affirmed the DWR's decision and ruled that its interpretation of the Groundwater Code is correct. It found no merit to Arizona Water's constitutional claims.

## TYPE 2 GRANDFATHERED WATER RIGHTS

Three types of grandfathered water rights are created by the Groundwater Code. A.R.S. § 45–462. Those include irrigation rights, § 45–465; Type 1 non-irrigation rights, ones which are associated with retired irrigated land, § 45–463; and Type 2 non-irrigation rights, ones which are not associated with retired irrigated land, § 45–464. The rights which Arizona Water seeks in this case are Type 2 non-irrigation rights. A.R.S. § 45–464 provides, in pertinent part, as follows:

A. In an active management area, a person who owns land from which groundwater was being legally withdrawn and used for a non-irrigation purpose as of the date of the designation of the active management area has the right to withdraw annually:

\* \* \* \* \* \*

2. If the person does not hold a certificate of exemption, the maximum amount of groundwater legally withdrawn from such land and used by the person withdrawing the groundwater in any one of the five years preceding the date of the designation of the active management area....

As noted above, all 35 wells are located in active management areas. The three active management areas in which the wells are located were established on the effective date of the Groundwater Code, June 12, 1980. A.R.S. § 45–411. According to the testimony at the administrative hearing in this case, water was distributed or sold from each of the 35 wells during some portion of the period between June 12, 1975, and June 12, 1980, the pertinent period for grandfathered rights under the code. Hence, under subsection A of § 45–464, Arizona Water is entitled to Type 2 grandfathered rights.

The dispute arises over the meaning of subsection C of § 45–464. That subsection provides as follows:

For the purposes of this section, 'person' includes:

1. A city, town or private water company which owns land outside of the service area of such city, town or private water company from which groundwater was being legally withdrawn for a non-irrigation use as of the date of the designation of the active management area.

2. A city, town or private water company withdrawing groundwater from within its service area pursuant to a certificate of exemption.

3. Any other non-irrigation user.

It is not disputed that Arizona Water does not come within the provisions of either category 1 or category 2 of § 45–464(C) because all 35 wells lie within its service area and because it has no certificate of exemption. If it is entitled to Type 2 rights, that entitlement must be under category 3.

1. Arizona Water clearly meets the definition of a private water company under A.R.S.

Arizona Water notes initially that it comes under the definition of "person" in § 45–402(24), which is a very broad definition. However, because § 45–464(C) specifically defines "person" for purposes of that section, the general definition is irrelevant. Next, Arizona Water argues that it is a "person" under § 45–464(C)(3) because it is a non-irrigation user under the definition of "non-irrigation use," that is "a use of groundwater other than an irrigation use." A.R.S. § 45–402(23). It is not disputed that the water pumped from Arizona Water's wells is used for non-irrigation purposes. That fact alone, however, does not qualify Arizona Water for Type 2 rights.

It is a general rule of statutory construction that a statute must be read as a whole and that each provision in it must be given effect. *Gortarez v. Smitty's Super Value, Inc.*, 140 Ariz. 97, 680 P.2d 807 (1984); *City of Phoenix v. Kelly*, 90 Ariz. 116, 366 P.2d 470 (1961). In addition, when we are presented with a question of statutory construction, we "will consider the context of the statute, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law. The law will be given, whenever possible, such an effect that no clause, sentence, or word is rendered superfluous, void, contradictory or insignificant." *State v. Superior Court*, 113 Ariz. 248, 249, 550 P.2d 626, 627 (1976). With those principles in mind, we now examine the statute.

As relevant here, three categories enumerated in subsection C of § 45–464 are private water companies [1] which own land outside their service area, private water companies with certificates of exemption and any other non-irrigation users. Arizona Water contends that the category of any other users must include private water companies which own wells inside their service areas because they are not specifically excluded in that category. Under that interpretation, however, the first two categories are rendered meaningless.

§ 45–402(25).

If private water companies with wells inside their service areas and without certificates of exemption are also entitled to Type 2 grandfathered rights, then subsection C would have been written with one category reading, "Any non-irrigation user." "Where the legislature has specifically used a term in certain places within a statute and excluded it in another place, courts will not read that term into the excluded section." *Banks v. Arizona State Board of Pardons & Paroles*, 129 Ariz. 199, 203, 629 P.2d 1035, 1039 (App.1981).

Arizona Water next argues that the use of the word "includes" in § 45–464(C) is an indication that the legislature intended for private water companies with wells inside their service areas to also have Type 2 rights under § 45–464(C)(3), arguing that the word is ordinarily a term of enlargement, not one of limitation and citing *Schwab v. Ariyoshi*, 58 Haw. 25, 564 P.2d 135 (1977). The court in that case stated that "a statutory definition of a thing as 'including' certain things does not *necessarily* impose a meaning limited to the inclusion." 58 Haw. at 35, 564 P.2d at 141 (emphasis added). That case, unlike the one before us, involved the question of the constitutionality of a statute under the provision that a law may embrace only one subject and that that subject must be reflected in its title. As the United States Supreme Court has pointed out, however, "includes" "may have the sense of addition ... and of 'also;' but ... may 'merely specify particularly that which belongs to the genus.'" *Montello Salt Co. v. Utah*, 221 U.S. 452, 464–65, 31 S.Ct. 706, 708, 55 L.Ed. 810, 814 (1911), quoting *Hiller v. United States*, 106 F. 73, 74 (2d Cir.1901). Accord, *Television Transmission, Inc. v. Public Utilities Commission*, 47 Cal.2d 82, 301 P.2d 862 (1956); *Premier Products Co. v. Cameron*, 240 Or. 123, 400 P.2d 227 (1965). Because § 45–464(C) provides a definition of "person" for purposes of that section, as opposed to the very broad, general definition of § 45–402(24), we conclude that the word "includes" in subsection C operates as a word of limitation rather than a word of enlargement.

We find that the only logical and sensible interpretation of the language of category 3, and the only one that avoids rendering portions of categories 1 and 2 superfluous, *Gortarez v. Smitty's Super Value, Inc.*, supra; *Union Rock & Materials Corp. v. Scottsdale Conference Center*, 139 Ariz. 268, 678 P.2d 453 (App.1983), is that any non-irrigation user other than a city, town or private water company is entitled to Type 2 grandfathered rights. Hence, we agree with both DWR's and the trial court's interpretation of A.R.S. § 45–464 and their conclusion that Arizona Water does not meet the statutory requirements for Type 2 rights on the 35 wells.

Arizona Water argues that the legislature intended that both Type 2 and service area rights can be held simultaneously under certain circumstances. A.R.S. § 45–491. Because we have concluded that Arizona Water does not meet the statutory requirements for Type 2 rights and thus does not meet those circumstances, we need not address that argument. Nor do we address DWR's arguments that Arizona Water is seeking the Type 2 rights because they can be conveyed separately from the land, A.R.S. § 45–474, and that permitting it to hold both Type 2 and service area rights on the same wells would result in Arizona Water selling its Type 2 rights while still withdrawing water under its service area rights.

## CONFLICT WITH CORPORATION COMMISSION

■ DWR contends initially that Arizona Water cannot raise this issue because it was not raised in the administrative hearing. Because DWR seeks to limit Arizona Water's appeal and because it has not cross-appealed from that part of the ruling which permitted Arizona Water to raise the constitutional claims, we find no merit to its contention. *Walters v. First Federal Savings & Loan Association*, 131 Ariz. 321, 641 P.2d 235 (1982); *Ryan v. State*, 150 Ariz. 549, 724 P.2d 1218 (App.1986); *Arizona Public Service Co. v. Mountain States Telephone & Telegraph Co.*, 149 Ariz. 239, 717 P.2d 918 (App.1985).

■ Arizona Water contends that if DWR's interpretation of the statute is correct, the Groundwater Code is rendered unconstitutional because it conflicts with the powers of the Arizona Corporation Commission. The basis for that argument is its contention that the definition of "service area" under the Groundwater Code is not equivalent to the area in which it is obligated to provide water service under its certificate of convenience and necessity issued by the Corporation Commission (certificated area). Arizona Water argues that "[t]he conflict arises because ... the restricted definition of 'service area' under the Act and the lack of 'mobile' Type 2 Rights will obstruct the ability of private water companies to serve new customers in their Certificated Area as authorized by the Corporation Commission." Finally, Arizona Water contends that the definition of service area in the Groundwater Code somehow decreases the powers of the Arizona Corporation Commission, an action which is prohibited. *Selective Life Insurance Co. v. Equitable Life Assurance Society,* 101 Ariz. 594, 422 P.2d 710 (1967); *Garvey v. Trew,* 64 Ariz. 342, 170 P.2d 845, cert. denied, 329 U.S. 784, 67 S.Ct. 297, 91 L.Ed. 673 (1946).

The definition of "service area" under the Groundwater Code reads in part as follows:

> With respect to a private water company, the area of land of the private water company actually being served water by the private water company plus additions to such area which contain an operating distribution system owned by the private water company primarily for the delivery of non-irrigation water.

A.R.S. § 45–402(26)(b). The record contains neither a copy of Arizona Water's certificate of convenience and necessity from the Corporation Commission nor a description of its certificated area. The only mention of the alleged conflict in the entire record is the testimony of Arizona Water's president at the administrative hearing that one of its wells is three-quarters of a mile outside its certificated area and that its pipeline is adjacent to an area covered by a certificate of convenience and necessity of another water company.

We fail to see, however, how the fact that one of the wells owned by Arizona Water is located within its service area as defined by the Groundwater Code but outside its certificated area as defined by the Arizona Corporation Commission somehow renders A.R.S. §§ 45–402(26)(b) and 45–464 unconstitutional. Arizona Water contends that unless it is granted Type 2 rights to the 35 wells, "the discrepancy between [its] Certificated Area and its DWR defined service area could make it impossible for [Arizona Water] to serve users within parts of its Certificated Area." It has, however, failed to support that assertion with anything in the record. Nor has it shown that any such claimed problem presently exists or indeed, that it will ever exist.

We find nothing in the definition of "service area" under the Groundwater Code which conflicts with the grant of power to the Corporation Commission under Ariz. Const. art. 15, § 3, and find no merit to Arizona Water's contentions.

## UNCONSTITUTIONAL "TAKING" OF PROPERTY

■ The final argument raised by Arizona Water is that DWR's statutory interpretation has the unconstitutional effect of "taking" its 35 wells without compensation. Because we have determined that Arizona Water does not meet the statutory requirements for Type 2 grandfathered water rights on the 35 wells and because it is still pumping water from the wells under its service area rights, nothing has been taken from it.

The judgment is affirmed.

LACAGNINA, C.J., and ROLL, P.J., concur.