NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellant*,

*v.*

HERCULES VU NGUYEN, *Appellee*.

No. 1 CA-CR 23-0181
FILED 4-4-2024

---

Appeal from the Superior Court in Maricopa County
No. CR2020-145645-001
The Honorable Anne H. Phillips, Judge *Pro Tempore*

**VACATED AND REMANDED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip Casey Grove
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Kristen Reller
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Michael S. Catlett and Judge James B. Morse Jr. joined.

---

**P A T O N,** Judge:

¶1        The State appeals the superior court's order terminating Hercules Nguyen's probation.  Because the court terminated Nguyen's probation without providing the State notice and an opportunity to be heard, as required by Arizona Revised Statutes ("A.R.S.") Section 13-901(E) and Arizona Rules of Criminal Procedure ("Rule") 27.4(a), we vacate the court's order and remand for further proceedings consistent with this decision.

**FACTS AND PROCEDURAL HISTORY**

¶2        In December 2020, the State charged Nguyen with sexual abuse, indecent exposure, and refusing to provide his true name when lawfully detained.  Nguyen pled guilty to one count of attempted sexual abuse in exchange for dismissal of the other charges.  The superior court sentenced Nguyen to ten years' supervised probation.  His probation term started on June 14, 2021.

¶3        In July 2021, the probation department petitioned to revoke Nguyen's probation, alleging he failed to report to the department within 72 hours of sentencing and absconded—with whereabouts unknown since June 17, 2021.  The superior court issued a warrant for his arrest.  In September 2021, the department supplemented its petition with allegations that Nguyen committed additional misdemeanor crimes.

¶4        Nguyen was arrested, and the superior court held a revocation arraignment hearing.  After the hearing, Nguyen's counsel moved for a Rule 11 evaluation of Nguyen's competency, which the court granted.  The court then transferred the case to the Rule 11 court.

¶5        After a Rule 11 hearing in April 2022, the court found Nguyen incompetent.  The court also found there was no clear and convincing evidence that Nguyen would not be restored to competency within 15 months.  The court ordered that Nguyen receive treatment from a behavioral health center.

**¶6**         In June 2022, the court held a hearing to reassess Nguyen's competency.   During this hearing, the court again found Nguyen incompetent.  The court also found there was no substantial probability that he would be restored to competency within 21 months.   The court dismissed the probation department's petition to revoke probation, effective upon Nguyen's admission to a behavioral health center for an inpatient evaluation.

**¶7**         An outpatient behavioral health clinic arranged to pick Nguyen up from the inpatient center for court-ordered treatment in August 2022, but Nguyen had again absconded.  The probation department was unable to contact or locate Nguyen and filed another petition to revoke his probation.  He was subsequently arrested.

**¶8**         On April 18, 2023, the court held a second probation revocation arraignment hearing.   Nguyen's counsel asked the court to dismiss the petition to revoke.  The court granted Nguyen's motion to dismiss without prejudice.  The superior court ordered that Nguyen be released from custody to a representative from his clinical team.   The corresponding release order indicated that he was given "[t]erminal disposition with time served."

**¶9**         In a minute entry filed one week later, the superior court ruled: "Upon the Court's own motion, IT IS ORDERED terminating Defendant's probation effective this date."  The court gave no explanation for its sua sponte termination order.

**¶10**         The State timely appealed the court's order.   We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Sections 12-2101(A)(1), -120.21(A)(1), 13-4031, 13-4032(4).

## DISCUSSION

**¶11**         The State contends the superior court erred by terminating Nguyen's probation eight years early without providing the State with notice and an opportunity to be heard, as Section 13-901(E) and Rule 27.4(a) require.  We agree.

**¶12**         We review the superior court's early termination of probation for an abuse of discretion.  *State v. Lewis*, 226 Ariz. 124, 126, ¶¶ 9, 15 (2011) (citing *State v. Patel*, 160 Ariz. 68, 89 (App. 1989)).   "'[The superior] court abuses its discretion if it misapplies the law or exercises its discretion based on incorrect legal principles.'"  *State v. Reed*, 252 Ariz. 328, 331, ¶ 13 (2022) (citation omitted).

¶13        Section 13-901(E) provides that "the [superior] court, on its own initiative . . . *after notice and an opportunity to be heard for the prosecuting attorney* and, on request, the victim, may terminate the period of probation . . . and discharge the defendant at a time earlier than that originally imposed."  A.R.S. § 13-901(E) (emphasis added).  Thus, before terminating Nguyen's probation, the superior court was required, at a minimum, to provide the prosecuting attorney with notice and an opportunity to be heard on the issue of termination.  That did not occur here.  Instead, the superior court sua sponte terminated Nguyen's probation in a signed minute entry filed one week after the second probation revocation hearing, at which there was no mention of terminating Nguyen's probation.  Because the court failed to give the prosecuting attorney any notice of its intent to terminate Nguyen's probation before entering the order, as Section 13-901(E) requires, we hold the court erred.

¶14        The State also contends the superior court abused its discretion by not giving Rule 27.4(a)(1)(A) notice to the State, the probationer, and the probation department and by not considering an investigation report, as Rule 27.4(a)(1)(B) requires, before terminating Nguyen's probation.  Specifically, Rule 27.4(a)(1) provides that "the court may terminate probation and discharge the probationer as provided by law *after: giving notice to the State*, the probationer, and the probation department; and considering an investigation report."  Ariz. R. Crim. P. 27.4(a)(1)(A), (B) (emphasis added).  As discussed above, the superior court terminated Nguyen's probation without providing any notice to the parties.  Thus, the court also erred by violating Rule 27.4(a)(1).

¶15        The State also argues the superior court abused its discretion by terminating probation without deciding whether doing so served the interests of justice or whether Nguyen's conduct on probation warranted it.  We need not reach these issues because the court cannot make those findings under Section 13-901(E) without first notifying the State that it is considering terminating an individual's probation, which did not occur here.

¶16        Nguyen raises several arguments generally defending the superior court's decision to terminate his probation, including that continuing his probation would subject him to "limitless incarceration" and "imposing additional punishment on an incompetent defendant" would violate due process.  But because we hold the court failed to comply with the law and rule before terminating Nguyen's probation, we express no position on the merits of the underlying decision.

¶17 The superior court failed to comply with Section 13-901(E) and Rule 27.4(a) and, thus, erred when it terminated Nguyen's probation.

## CONCLUSION

¶18 We vacate the superior court's order terminating Nguyen's probation and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA