SUPREME COURT OF ARIZONA

JENNIFER NIELSON and LARRY ) Arizona Supreme Court
NIELSON, wife and husband, ) No. CV-02-0330-SA
                                            )
                        Petitioners, ) Court of Appeals
                                            ) Division One
                     v. ) No. 1 CA-CV 02-0534
                                            )
HON. CECIL B. PATTERSON, JR.; ) Maricopa County Superior
HON. JEFFERSON L. LANKFORD; HON. ) Court
G. MURRAY SNOW; JUDGES OF THE ) No. CV97-92380
STATE OF ARIZONA, in and for )
the Arizona Court of Appeals, )
                                            ) **O P I N I O N**
                    Respondents, )
                                            )
                    and )
                                            )
DON H. SMITH and JANE DOE SMITH, )
husband and wife, )
                                            )
                      Real Parties )
                      in Interest. )
_____ )

Order of the Court of Appeals, Division One
Cause No. CA-CV 02-0534, Sept. 13, 2002
**AFFIRMED**

---

Tobler & Associates, P.C.                                                  Mesa
    by   Lorin Tobler
    and  Maren Tobler
    and
Lewin & Schneider, P.C.                                             Phoenix
    by   Thomas Kleinschmidt
Attorneys for Petitioners Jennifer Nielson and
Larry Nielson

Campbell, Souhrada, Volk & Lauter                             Phoenix
    by   Ronald J. Lauter
Attorneys for Real Parties in Interest
Don H. Smith and Jane Doe Smith

---

M c G R E G O R, Vice Chief Justice

¶1      We granted review to determine whether an appellee, in an appeal from an order granting the appellee a new trial, must file a protective cross-appeal if it wishes to preserve its ability to

challenge the underlying judgment, in the event the appellate court overturns the order granting a new trial. We hold that an order granting a new trial vacates the original entry of judgment and that an appellee need not challenge the underlying judgment through a mandatory protective cross-appeal.

## I.

¶2    The Nielsons obtained a $2 million jury verdict against the Smiths. On August 10, 2000, the trial court entered judgment for the Nielsons in the amount awarded. Thereafter, the Smiths moved for a new trial. The trial court granted the motion, vacated the judgment and set a new trial. The Nielsons filed a timely notice of appeal from the order granting a new trial. The Smiths did not file a cross-appeal from the underlying judgment.

¶3    In a memorandum decision, the court of appeals reversed the trial court's order granting a new trial and instructed the trial court to reinstate judgment in favor of the Nielsons. After we denied the Smiths' petition for review, the court of appeals issued its mandate on June 11, 2002, and the trial court reinstated the original judgment.

¶4    On July 3, 2002, the Smiths filed a notice of appeal from the underlying August 10, 2000 judgment. The Nielsons moved to dismiss the appeal, arguing that under Rule 9(b), Arizona Rules of Civil Appellate Procedure, the Smiths' failure to challenge the original judgment by filing a protective cross-appeal to the

2

Nielsons' appeal from the order granting a new trial barred the Smiths from now challenging the underlying judgment. The court of appeals denied the Nielsons' motion, finding nothing in Arizona law that required the Smiths to file a mandatory protective cross-appeal. We granted review to consider this procedural question of statewide importance. We exercise jurisdiction pursuant to Article VI, Section 5.4 of the Arizona Constitution and Rule 3(b) of the Arizona Rules of Procedure for Special Actions.

## II.

¶5        We review issues of law *de novo*. *US West Communications, Inc. v. Ariz. Corp. Comm'n*, 201 Ariz. 242, 244 ¶ 7, 34 P.3d 351, 353 (2001). This court has authority to interpret rules of procedure under the Arizona Constitution, Article VI, Section 5. *Barassi v. Matison*, 130 Ariz. 418, 421, 636 P.2d 1200, 1203 (1981). We apply general rules of statutory construction to construe facially unclear or ambiguous rules of procedure. *State ex rel. Corbin v. Marshall*, 161 Ariz. 429, 431, 778 P.2d 1325, 1327 (App. 1989).

¶6        According to the Nielsons, the court of appeals lacks jurisdiction to hear the Smiths' appeal because the Smiths failed to file a timely appeal from the judgment entered against them. That is, they argue, the thirty day limit of Rule 9 began to run on August 10, 2000, when the trial court entered the original judgment, even though the court later vacated the judgment and

3

ordered a new trial.  Unfortunately, neither Arizona's procedural rules nor our case law clearly answers the question whether the Smiths timely filed their appeal.

¶7        Rule 9,[1] on which the Nielsons primarily rely, does not answer the question posed here.  That rule sets forth the time period required to file an appeal or cross-appeal after entry of judgment.  Rule 9(b)(4) extends the time for filing an appeal if a

---

[1]    Rule 9 provides in part:

**Rule 9.  AppealCWhen Taken**
 **(a) Time;  Personal Representatives;  Cross-Appeal**.  A notice of appeal required by Rule 8 shall be filed with the clerk of the superior court not later than 30 days after the entry of the judgment from which the appeal is taken, unless a different time is provided by law. . . . A notice of cross-appeal may be filed by an opposing party within 20 days from the date the notice of appeal is filed.

 **(b) Extension of Appeal Time**.  When any of the following motions are timely filed by any party, the time for appeal for all parties is extended, and the times set forth in Rule 9(a) shall be computed from the entry of any of the following orders:

        (1)  Granting  or  denying  a  motion  for  judgment notwithstanding the verdict pursuant to Ariz. Rules Civ. Proc. 50(b);

        (2)  Granting or denying a motion to amend or make additional findings of fact pursuant to Ariz. Rules Civ. Proc. 52(b), whether or not granting the motion would alter the judgment;

        (3)  Granting or denying a motion to alter or amend the judgment pursuant to  Ariz. Rules Civ. Proc. 59(1);

        (4)  Denying a motion for new trial pursuant to Ariz. Rules Civ. Proc. 59(a).

Ariz. R. Civ. App. P. 9.

4

party timely files certain motions, including a motion for a new trial. Nothing in the rule speaks directly to a party's obligation to file a cross-appeal to an appeal taken from a trial court's order granting a motion for a new trial.

¶8    Nor does Rule 13(b)[2] provide guidance. Although an appellee's brief to the appellate court may include "any issue properly presented in the superior court," Rule 13(b) does not explain whether an appellee must file a compulsory cross-appeal under the circumstances involved here. Ariz. R. Civ. App. P. 13(b).

---

[2]    Rule 13(b) provides:

**(b) Brief of the Appellee**. 1. The brief of the appellee shall conform to the requirements of the preceding subdivision, except that a statement of the case, a statement of the facts or a statement of the issues need not be included unless the appellee finds the statements of the appellant to be insufficient or incorrect.

2. If a cross-appeal has been filed, the brief of the appellee or the opening brief of the cross-appellant shall include in its statement of issues presented for review the issues presented in the cross-appeal.

3. The brief of the appellee may, without need for a cross-appeal, include in the statement of issues presented for review and in the argument any issue properly presented in the superior court. The appellate court may affirm the judgment based on any such grounds. The appellate court may direct that the judgment be modified to enlarge the rights of the appellee or to lessen the rights of the appellant only if the appellee has cross-appealed seeking such relief.

Ariz. R. Civ. App. P. 13(b).

¶9        We also find no clear answer in Arizona case law.  Both

the Nielsons and the Smiths rely upon decisions that have little

relevance to the issue before us.[3]  One opinion of this court, not

referred to by either party, lends some support to the Nielsons'

position.  In *Blakely Oil, Inc. v. Wells Truckways, Ltd.*, 83 Ariz.

274, 320 P.2d 464 (1958), we decided a similar challenge to

appellate jurisdiction.  After a jury returned a verdict for the

defendants, the plaintiffs moved for judgment notwithstanding the

verdict (JNOV)[4] as to liability, for a new trial on damages and for

a new trial on all issues.  *Id.* at 279, 320 P.2d at 466.  The trial

court granted a new trial on all issues.  *Id.* at 278, 320 P.2d at

466.  The defendants appealed from the order granting the new

trial, but the plaintiffs did not cross-appeal from the order

---

[3]        In *Arizona-Parral Mining Co. v. Forbes*, we referred to
language in an Indiana Supreme Court case supporting the
proposition that, following a *final judgment*, a party must
consolidate all appealable issues in its appeal.  16 Ariz. 395,
402, 146 P. 504, 506 (1915) (quoting *Ohio Valley Trust Co. v.
Wernke*, 99 N.E. 734, 736 (Ind. 1912)).  We reaffirmed this
principle in *Paramount Pictures, Inc. v. Holmes*, 58 Ariz. 1, 4,
117 P.2d 90, 91 (1941).  These cases are inapposite because the
Smiths had *no final judgment* from which to appeal.
       In *Hawkins v. Allstate Ins. Co.*, we admonished a party for
raising a constitutional issue for the first time on appeal.  152
Ariz. 490, 503, 733 P.2d 1073, 1086 (1987).  *Hawkins* resolved
whether a party can raise on appeal an issue that was not raised in
the trial court, an entirely different question than that posed by
the case at bar.

[4]        The Arizona Rules of Civil Procedure now refer to a
motion for JNOV as a renewed "motion for a judgment as a matter of
law."  Ariz. R. Civ. P. 50(b).

denying their motion for JNOV.  We affirmed the order granting a new trial and also held that the plaintiffs' failure to file a cross-appeal deprived us of jurisdiction to consider the trial court's order denying their motion for JNOV.  *Id.* at 279, 320 P.2d at 467.  Although this decision provides some guidance, we do not regard it as controlling for several reasons.  First, the court's decision simply relies upon the accepted principle that an appeal must be timely filed.  *Id*.  The court did not discuss the issue presented here: When does the time for filing an appeal from an underlying judgment begin to run if the trial court orders a new trial?  Our concern lies not with the question whether an appeal must be timely, as our rules clearly require, but with designating the date on which the time to file an appeal begins to run.

¶10    In addition, the plaintiffs in *Blakely Oil* were "aggrieved parties" as to that portion of the trial court's order that denied their motion for JNOV.  The Smiths, in contrast, found themselves appellees in a challenge to an order decided entirely in their favor.  A second Arizona appellate decision, *Aegerter v. Duncan*, directly addresses the right of a party not aggrieved by a decision to file a cross-appeal.  7 Ariz. App. 239, 243, 437 P.2d 991, 995 (1968).  In *Aegerter*, the court of appeals held that the plaintiffs, in whose favor the trial court granted a new trial, could not file a cross-appeal.  After noting that the trial court's judgment entirely favored the plaintiffs, the court pointed out

7

that "the mere fact that an appeal has been filed by the aggrieved party [does not] give the prevailing party grounds to file a cross appeal." *Id.; accord* Ariz. R. Civ. App. P. 1. Obviously, we cannot instruct non-aggrieved parties both that they cannot file a cross-appeal and that they must file a cross-appeal to preserve a challenge to an underlying judgment.

¶11     The Nielsons seek to bolster their argument by pointing to other jurisdictions, particularly California, Florida and Oregon, that require protective cross-appeals. Courts in both California and Oregon long have required protective cross-appeals in scenarios similar to that involved here. *See Puckhaber v. Henry*, 81 P. 1105 (Cal. 1905); *Frank v. Matthiesen*, 240 P. 551 (Or. 1925). These states, however, have codified the judicially established rule mandating protective cross-appeals in either statutes or court rules. Or. Rev. Stat. § 19.205 (2001); Cal. R. of Court 3(e)(2). Arizona, in contrast, has adopted no clear rule to inform parties whether they should file a protective cross-appeal.

¶12     Because litigants have no definitive rule or decision of this court on which to rely, we next consider the policy reasons underlying our decision as to whether we should regard protective cross-appeals as mandatory. Our resolution of this issue largely turns upon whether we interpret the effect of the trial court's order granting a new trial as vacating or merely suspending the

8

original judgment. A vacated judgment lacks force or effect and places parties in the position they occupied before entry of the judgment. *Illinois v. Eidel*, 745 N.E.2d 736, 744 (Ill. App. 2001) ("The vacatur restores the parties to the status quo *ante*, as though the trial court judgment had never been entered."); *see State v. Cramer*, 192 Ariz. 150, 153 ¶ 16, 962 P.2d 224, 227 (App. 1998) (holding that a voidable judgment "is binding and enforceable and has all the ordinary attributes of a valid judgment until it is reversed or vacated"). If the trial court order truly vacated the original judgment, nothing remained of the judgment for the Smiths to challenge. Therefore, their time to appeal could not begin to run until, following issuance of the court of appeals' mandate, the trial court reinstated the judgment. On the other hand, if the order granting a new trial only suspended the original judgment pending the new trial, then the Neilsons' view would prevail. Because we view a vacated judgment as lacking force or effect, we regard the Smiths' approach as more in keeping with our traditional view of the status of a vacated judgment. *Cramer*, 192 Ariz. at 153 ¶ 16, 962 P.2d at 227.

¶13        Moreover, when a rule of procedure does not speak to a set of facts or speaks ambiguously, courts should give the rule a liberal construction rather than create a pitfall for the unwary. *See*, *e.g.*, *Witt v. Merrill et ux.*, 208 F.2d 285, 286 (4th Cir. 1953) ("The liberal [Federal] Rules of Civil Procedure must not be

9

transformed by judicial interpretation into technical traps for the unwary."); *Union Interchange, Inc. v. Benton*, 100 Ariz. 33, 36, 410 P.2d 477, 479 (1966) (construing Rule 67(d), Arizona Rules of Civil Procedure); *Di Pietruntonio v. Superior Court*, 84 Ariz. 291, 293, 327 P.2d 746, 747 (1958) (construing Arizona Rules of Civil Procedure). If we were to hold that the court of appeals lacks jurisdiction to hear the Smiths' appeal, we would opt for the more restrictive reading of unclear rules. Although we expect litigants to follow procedural rules, we prefer that they not be turned away from the courthouse before being given an opportunity to present meritorious claims. *Rodriguez v. Williams*, 104 Ariz. 280, 283, 451 P.2d 609, 612 (1969).

¶14    We are also concerned with the effect of our decision on judicial economy. Both parties argue that their position better promotes judicial economy. In reality, neither approach assures economy of effort. In this case, had the court of appeals affirmed the order granting a new trial, neither party would have invested time and expense in briefing and arguing issues related to the underlying judgment. Under that circumstance, then, economy would result from avoiding the cross-appeal issues. On the other hand, if, as happened here, the court of appeals reverses an order granting a new trial, requiring a protective cross-appeal would have served the goal of judicial economy. The economy produced for

10

the judicial system thus depends upon the outcome of the appeal from the order granting a new trial.[5]

¶15     Requiring a protective cross-appeal, however, affects entities other than the judicial system.  If an appellee were required to appeal from the original judgment and that appeal turned out to be unnecessary, not only judicial resources but also attorney time and resources would be wasted.  Moreover, the impact of an unnecessary appeal falls most heavily not on lawyers or the court but upon those clients who incur unnecessary expense.  Given the close nature of the issue before us, we conclude that the best policy is to adopt the approach more likely to protect litigants from unnecessary expenditures.  Therefore, we hold that in the situation presented by this action, an appellee need not file a protective cross-appeal.  The time to appeal the underlying judgment will run from the date the judgment is reinstated.

### III.

¶16     For the foregoing reasons, we affirm the order of the court of appeals denying the Nielsons' motion to dismiss the

---

[5]     An appellate decision reversing an order granting a new trial is less likely than a decision upholding such an order.  An appellate court can reverse an order granting a new trial only upon a showing of abuse of discretion. *Martinez v. Schneider Enter., Inc.*, 178 Ariz. 346, 348, 873 P.2d 684, 686 (App. 1994); *see Hutcherson v. City of Phoenix*, 192 Ariz. 51, 53 ¶ 12, 961 P.2d 449, 451 (1998) ("We review the trial judge's decision to deny post-trial motions for an abuse of discretion, recognizing that he had substantial latitude in deciding whether to upset the verdict.").

Smiths' appeal.  We also vacate our October 29, 2002 order staying all further proceedings in the court of appeals.

                                      _____
                                        Ruth V. McGregor, Vice Chief Justice

CONCURRING:

_____
Rebecca White Berch, Justice

_____
Michael D. Ryan, Justice

12