IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

In re the Marriage of:                )
                                      )
KURT PRIESSMAN,                       )          2 CA-CV 2011-0071
                                      )          DEPARTMENT B
           Petitioner/Appellant,      )
                                      )          O P I N I O N
           and                        )
                                      )
CHONG PRIESSMAN,                      )
                                      )
           Respondent/Appellee.       )
                                      )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. D20042527

Honorable Sharon Douglas, Judge Pro Tempore

AFFIRMED

Law Office of Michael H. Gottesman
  By Michael H. Gottesman                                        Tucson
                                           Attorney for Petitioner/Appellant

Curtis & Cunningham
  By Marjorie Fisher Cunningham                                  Tucson
                                         Attorneys for Respondent/Appellee

V Á S Q U E Z, Presiding Judge.

¶1       Kurt Priessman appeals from the trial court's order denying in part his petition for modification of spousal maintenance.  He argues that pursuant to A.R.S. § 25-530, the court erred by considering his Combat-Related Special Compensation ("CRSC") as income.  He also contends the court erred by not reducing or eliminating his spousal maintenance arrearages based on retroactive determinations of disability made by two federal agencies.  For the reasons set forth below, we affirm.

**Factual Background and Procedural History**

¶2       "We view the evidence in the light most favorable to sustaining the trial court's findings and will uphold them unless they are clearly erroneous or unsupported by the evidence."  *In re Marriage of Yuro*, 192 Ariz. 568, ¶ 3, 968 P.2d 1053, 1055 (App. 1998).  Kurt and Chong Priessman met in Korea and were married in 1979 while Kurt was stationed there with the military.  The marriage was dissolved by decree of dissolution in September 2005.  Under the decree, Chong was awarded spousal maintenance in the amount of $1,750 per month for an indefinite period of time beginning September 1, 2005.[1]  Kurt appealed the decree, challenging the duration and amount of the spousal maintenance award.  In *In re Marriage of Priessman*, No. 2 CA-CV 2005-0181 (memorandum decision filed June 29, 2006), this court affirmed the decree.

---

[1]The trial court based the spousal maintenance award on its findings that Kurt had a gross income of $6,966 per month, compared to Chong's income of $800 per month, and that Chong had a third-grade education, was not fluent in English, and lacked the property and earning ability necessary to be self-sufficient and to provide for her reasonable needs.

2

¶3         In October and December 2006, Kurt filed petitions to modify the spousal maintenance award, seeking a reduction based on changes in his employment and health. He claimed that "[t]he rulings of the court [had] left [him] without sufficient means to support [himself] in a depressed economic area." Kurt filed an affidavit of financial information indicating his only source of income was his Air Force pension and Veterans Administration disability totaling $1,438 per month. In April 2007, the trial court denied the petitions and, finding Kurt had failed to remain current on his spousal maintenance payments, entered judgment for Chong in the amount of the arrearages.

¶4         The trial court denied Kurt's petitions to modify spousal maintenance based on its finding that he voluntarily had quit his job "and moved . . . to a rural area with neither employment opportunities nor health care resources." The court concluded that "although [Kurt's] financial circumstances ha[d] changed, he ha[d] been solely responsible for those changes," and that "[the changes] w[ere] neither made in good faith nor necessarily continuing." *See* A.R.S. § 25-327(A). It also found that Chong "continue[d] to be in serious need of the ordered spousal maintenance," and that she "ha[d] not voluntarily and purposefully made her situation worse, and [could not] be expected to suffer the consequences of [Kurt's] fiscally irresponsible decisions."

¶5         In November 2010, Kurt filed a third petition for modification, this time seeking a reduction based on a determination made by the Department of Veterans Affairs ("VA") that he was disabled and another by the Social Security Administration ("SSA") that he was unemployable. And because those determinations were made retroactive to 2006 and 2007, Kurt asked the trial court to "[r]eevaluate" its April 2007

3

decision regarding his ability to find employment, to recalculate spousal maintenance effective December 17, 2006, and to reduce the amount of arrearages accordingly. He also asked the court to recalculate spousal maintenance from August 19, 2010 onward,[2] "in light of A.R.S. [§§] 12-1539, 25-318.01 and 25-530."

¶6 After an evidentiary hearing in February 2011, the trial court issued its under-advisement ruling reducing Kurt's spousal maintenance obligation to $1,100 per month from $1,750 beginning with the payment in December 2010. The court found that "[t]here ha[d] been a change in . . . circumstances," specifically that Kurt no longer was employed by the Indian Health Service and, as a result, his income had changed. The court determined Kurt's sources of income at that time included $1,865 per month in social security disability, $1,607 per month in CRSC,[3] and $645 per month in civil service retirement pay. The court entered judgment in favor of Chong for accrued arrearages in the amount of $63,851.79. It denied Kurt's request to recalculate the spousal maintenance award by excluding his CRSC as income, reasoning that § 25-530 was not applicable. This appeal followed.

---

[2]In his petition for modification, Kurt states "[o]n August 19, 2010, an Arizona law designated HB 2348 took effect." H.B. 2348, adopting § 25-530, actually took effect on July 29, 2010. *See* 2010 Ariz. Sess. Laws, ch. 70, § 3.

[3]As of December 16, 2010, Kurt was receiving Concurrent Retirement and Disability Pay ("CRDP") under 10 U.S.C. § 1414, but elected to instead receive CRSC under 10 U.S.C. § 1413a for 2011. *See* 10 U.S.C. § 1414(d)(1) (A person qualified to receive benefits under § 1414 and under § 1413a may receive one or the other, but not both.). To be eligible for CRSC, one must be a member of the uniformed services who is entitled to retired pay and who has a combat-related disability. 10 U.S.C. § 1413a(c)(1)-(2).

4

## Discussion

### Applicability of A.R.S. § 25-530

¶7  Kurt first contends that pursuant to § 25-530, the trial court improperly considered his CRSC benefits in calculating the modified spousal maintenance award.[4] We review a trial court's ruling on a petition for modification for an abuse of discretion. *Van Dyke v. Steinle*, 183 Ariz. 268, 273, 902 P.2d 1372, 1377 (App. 1995). But we review issues of statutory interpretation de novo. *Hobson v. Mid-Century Ins. Co.*, 199 Ariz. 525, ¶ 6, 19 P.3d 1241, 1244 (App. 2001).

¶8  Section 25-530 provides that "[i]n determining whether to award spousal maintenance or the amount of any award of spousal maintenance, the court shall not consider any federal disability benefits awarded to the other spouse for service-connected disabilities pursuant to 38 United States Code chapter 11." However, the trial court found that Kurt "[was] not receiving federal disability benefits pursuant to 38 U.S.C. [chapter] 11," rather, "[h]e ha[d] been awarded [CRSC] benefits pursuant to 10 U.S.C. § 1413a." The court therefore concluded that § 25-530 did not apply.

¶9  On appeal, Kurt maintains that even though CRSC benefits are authorized under title 10, the trial court nevertheless was prohibited from considering such benefits as income pursuant to § 25-530. He reasons that both his eligibility for CRSC and his CRSC benefit amounts are determined in part by his qualification in the first instance to

---

[4]Kurt also claims the trial court erred in considering his "VA Waiver (DVA) amount." The court indicated it had considered three sources of income in ruling on Kurt's petition: civil service retirement, social security disability, and CRSC. Because it does not appear the court considered any other income, we do not address Kurt's argument regarding any additional "DVA" income he may receive.

5

receive benefits under title 38, chapter 11, and that § 25-530 prohibits consideration of benefits awarded pursuant to title 38, chapter 11.[5] *See* 10 U.S.C. § 1413a(b)(1) and (e).

¶10 Title 38, chapter 11 of the United States Code authorizes, among other benefits, wartime and peacetime disability compensation. *See* 38 U.S.C. §§ 1110, 1131. But title 38, chapter 11 neither authorizes nor refers to CRSC, which is authorized in title 10, chapter 71. In contrast, 10 U.S.C. § 1413a, the statute authorizing CRSC and prescribing entitlement to CRSC benefits, refers to certain provisions of title 38.[6] But despite these references, Kurt's eligibility to receive CRSC benefits is determined by, and CRSC is paid pursuant to, title 10, which has its own requirements separate from those contained in title 38.[7] *See* 10 U.S.C. § 1413a(e) (defining "combat-related disability" for purposes of benefits eligibility). The plain language of § 25-530 prohibits trial courts

---

[5]Kurt also argues the trial court violated A.R.S. §§ 12-1539 and 25-318.01. Because Kurt's appeal does not involve the legal processes described in § 12-1539, or the disposition of property implicating § 25-318.01, we limit our analysis to the applicability of § 25-530.

[6]The amount of CRSC compensation under § 1413a is "the amount of compensation to which the retiree is entitled under title 38 for that month, determined without regard to any disability . . . that is not . . . combat-related," and "combat-related disability" is defined in part by reference to title 38, which is "administered by the Secretary of Veterans Affairs." 10 U.S.C. § 1413a(b)(1), (e).

[7]A comparison between title 38 and title 10 shows they differ in other respects as well. Under title 10, the Secretary of Defense "prescribe[s] procedures and criteria under which a disabled uniformed services retiree may apply [for benefits]." 10 U.S.C. § 1413a(d). And it is the "Secretary concerned," here the Secretary of the Air Force, who pays a monthly amount from the Department of Defense Military Retirement Fund to those who are eligible for CRSC benefits. 10 U.S.C. § 101(a)(9)(C); 10 U.S.C. § 1413a(a), (h). On the other hand, title 38 disability compensation is administered and paid monthly by the Department of Veterans Affairs. 38 C.F.R. § 3.4(b); *see also* 38 U.S.C. § 101(2), (13). And it is the Secretary of Veterans Affairs who has the authority to issue "rules and regulations . . . to carry out the laws [in title 38], including . . . the forms of application by claimants under such laws." 38 U.S.C. § 501(a), (a)(2).

from considering disability benefits awarded "pursuant to 38 United States Code chapter 11." Thus, in determining whether to award spousal maintenance or the amount of an award, trial courts are prohibited from considering disability benefits awarded pursuant to title 38, *see* 38 U.S.C. §§ 1110, 1131; they are not, however, prohibited from considering CRSC benefits awarded pursuant to title 10, *see* 10 U.S.C. § 1413a.[8]

**¶11** Nevertheless, in support of his argument, Kurt urges us to consider the legislative history for § 25-530, which he argues demonstrates a legislative intent to apply § 25-530 more broadly. We recognize that a fundamental goal of statutory interpretation is to effectuate legislative intent. *See Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994). But, "equally fundamental is the presumption that what the Legislature means, it will say." *Id.*, *quoting Padilla v. Indus. Comm'n*, 113 Ariz. 104, 106, 546 P.2d 1135, 1137 (1976). "Accordingly, absent a clear indication of legislative intent to the contrary, we are reluctant to construe the words of a statute to mean something other than what they plainly state." *Id.* When the language of a statute is plain and unambiguous, we customarily look no further. *Champlin v. Sargeant*, 192 Ariz. 371, ¶ 15, 965 P.2d 763, 766 (1998). And "[i]t is a universal rule that courts will not enlarge, stretch, expand, or extend a statute to matters not falling within its express provisions." *In re Martin M.*, 223 Ariz. 244, ¶ 7, 221 P.3d 1058, 1060 (App. 2009),

---

[8]Kurt argues that according to the trial court's narrow interpretation, § 25-530 "would not be applicable to any disabled retired military individual," because even title 38 recipients are paid pursuant to chapter 51 of that title, not chapter 11. But as we noted above, § 25-530 expressly forbids consideration of title 38, chapter 11 benefits when calculating spousal maintenance. Thus, it simply makes no difference under the statute that the payment procedures for those benefits are codified in chapter 51 rather than chapter 11. *See* 38 U.S.C. § 5120.

*quoting Antonio P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 402, ¶ 13, 187 P.3d 1115, 1118 (App. 2008). Given the plain language of § 25-530, we decline to extend its prohibition to include CRSC benefits authorized under title 10.[9] The trial court did not err by including Kurt's CRSC benefits in determining the spousal maintenance award.

**Retroactive Modification of Spousal Maintenance**

**¶12** Kurt also argues the trial court erred by "ignor[ing]" his November 2010 request to "[r]eevaluate" its April 2007 finding regarding his ability to work. He asks us to vacate the court's April 2007 order and direct it to "recalculate spousal maintenance [and reduce arrearages] based on . . . actual income at the time, not [on] an attributed amount based on a false premise."[10] We review the trial court's ruling on Kurt's petition

---

[9]Our conclusion is supported by the Michigan Court of Appeals decision in *Megee v. Carmine*, 802 N.W.2d 669, 678 (Mich. Ct. App. 2010), which required the court to interpret the Uniformed Services Former Spouses' Protection Act (USFSPA). The USFSPA authorizes state courts to treat "disposable retired pay" as property subject to division in divorce proceedings. *See* 10 U.S.C. § 1408(c). But under the USFSPA, "disposable retired pay" does not include retired pay that is waived in favor of title 38 or title 5 benefits. 10 U.S.C. § 1408(a)(4)(B). And in *Mansell v. Mansell*, 490 U.S. 581, 588-89 (1989), the Supreme Court held the plain language of the USFSPA prohibits state courts from treating retirement pay waived in favor of title 38 disability benefits as community property subject to division. *Mansell* did not address, however, whether retired pay waived in favor of disability benefits that are paid pursuant to other titles could be divided. But the *Megee* court concluded that "[u]nder the reasoning and rationale of *Mansell*, there would be no prohibition . . . against considering for division [of property] waived retirement pay . . . [in favor of] title 10 CRSC [benefits because title 10 is] not mentioned in 10 U.S.C. [§] 1408(a)(4)(B)." 802 N.W.2d at 678. We believe the same principles apply here.

[10]Although Kurt argues he is entitled to relief under Rule 60(c)(6), Ariz. R. Civ. P., he has waived this argument by failing to seek relief under Rule 60(c) in the trial court. *See Maher v. Urman*, 211 Ariz. 543, ¶ 24, 124 P.3d 770, 778 (App. 2005) (Rule 60 argument waived when not raised below). We find nothing in the record to suggest Kurt invoked Rule 60(c) or its family law counterpart, Rule 85, Ariz. R. Fam.

for modification for an abuse of discretion. *See Fletcher v. Fletcher*, 137 Ariz. 497, 497, 671 P.2d 938, 938 (App. 1983).

¶13    Section 25-327(A) provides that the maintenance provisions of a divorce decree may be modified "except as to any amount that may have accrued as an arrearage before the date of notice of the motion . . . to modify or terminate." Thus, spousal maintenance payments become vested and non-modifiable when they are due. *See McClanahan v. Hawkins*, 90 Ariz. 139, 142, 367 P.2d 196, 197 (1961) (no power to modify decree as to past-due installments); *Jarvis v. Jarvis*, 27 Ariz. App. 266, 267-68, 553 P.2d 1251, 1252-53 (1976) (same). Modifications generally are effective the first day of the month following notice of the petition and never before the filing date of the petition. § 25-327(A). Here, all of the spousal maintenance payments that accrued before Kurt's November 2010 petition were vested when due and not subject to modification. The trial court therefore did not abuse its discretion by denying Kurt's request to retroactively modify spousal maintenance and reduce or eliminate his arrearages.

---

Law P. Kurt has not included in the record on appeal a transcript of the hearing on his petition for modification. *See* Ariz. R. Civ. App. P. 11(b)(1). We therefore presume that the absent record supports the trial court's rulings and that no such motion was made. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995). In any event, although Kurt relies on Rule 60(c)(6), the catchall provision, his arguments are based on newly discovered evidence of disability. *See* Ariz. R. Civ. P. 60(c)(2); Ariz. R. Fam. Law P. 85(C)(1)(b). Under both the rules of civil and family law procedure, motions based on newly discovered evidence must be brought within six months after the judgment or order was entered. Kurt thus was time barred under the rules from seeking relief from the trial court's April 2007 order. *See* Ariz. R. Civ. P. 60(c); Ariz. R. Fam. Law P. 85.

**Disposition**

**¶14** We affirm the trial court's judgment for the reasons set forth above. Chong has requested attorney fees on appeal pursuant to A.R.S. § 25-324, and in our discretion we grant her request upon compliance with Rule 21, Ariz. R. Civ. App. P.

/s/ Garye L. Vásquez
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ Virginia C. Kelly
VIRGINIA C. KELLY, Judge

/s/ Philip G. Espinosa
PHILIP G. ESPINOSA, Judge