330 P.3d 966

**Burl SWAIN, Petitioner**

v.

**The Honorable Bethany HICKS, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Judge.**

**Diane Swain, Real Party in Interest.**

**No. 1 CA–SA 13–0298.**

Court of Appeals of Arizona, Division 1.

July 10, 2014.

---

Law Office of Amber L. Guymon, PLLC, By Amber L. Guymon, Phoenix, Counsel for Real Party in Interest.

Judge KENTON D. JONES delivered the opinion of the Court, in which Presiding Judge PETER B. SWANN and Judge PATRICIA K. NORRIS joined.

## OPINION

JONES, Judge.

¶ 1 Burl Swain (Burl) seeks special action relief, requesting this Court vacate the family court's August 6, 2013 minute entry ruling. Burl asserts the family court erred by including his Title 38 Veterans Administration disability benefits (Title 38 disability benefits) in the calculation and award of spousal maintenance in violation of Arizona Revised Statute (A.R.S.) section 25–530 (2014).[1]

¶ 2 The thirty-three year marriage of Burl and Diane Swain (Diane) dissolved with the original spousal maintenance provision entered on June 22, 2005. Burl was required to pay Diane $1,500 a month for an unspecified period of time. In November 2012, Burl petitioned to modify the order and to implement the modification retroactively, citing his deteriorating health and current unemployment as evidence of a substantial and continuing change in circumstances.

¶ 3 After an evidentiary hearing, the family court found Burl had failed to prove he was entitled to a modification. The family court further noted the health conditions of both parties, Diane's inability to support herself, even with the then-existing spousal maintenance award given a disability that precluded employment, and Burl's decreased income. In calculating and awarding spousal maintenance to Diane, the family court included in its computations Burl's Title 38 disability benefits.

## JURISDICTION

¶ 4 Because Burl lacks an adequate remedy by way of appeal and his petition

Berkshire Law Office, PLLC, By Keith Berkshire, Max Mahoney, Phoenix, Counsel for Petitioner.

---

1. Absent material revisions after the relevant dates, we cite the current version of statutes and rules unless otherwise indicated.

presents a pure question of law, we accept special action jurisdiction. Ariz. R.P. Spec. Act. 1(a); *see Orme Sch. v. Reeves,* 166 Ariz. 301, 303, 802 P.2d 1000, 1002 (1990).

## DISCUSSION

▆▆▆ ¶ 5 Arizona shelters veterans' service-connected disability benefits from consideration in determining whether to award spousal maintenance, or in the amount of any such award, when those benefits were awarded pursuant to Title 38, chapter 11.[2] *In re Marriage of Priessman,* 228 Ariz. 336, 339, ¶ 10, 266 P.3d 362, 365 (App.2011).

¶ 6 While serving in Vietnam, Burl incurred service-related injuries, including, but not limited to, a shrapnel injury to his lower back and post traumatic stress disorder. As a result, Burl receives disability compensation awarded pursuant to Title 38. Diane does not deny Burl's benefits fall within the A.R.S. 25–530 exemption; rather, she speculates the family court's inclusion of Burl's disability benefits in its A.R.S. § 25–319 (2014) analysis was only a calculation, and does not establish that the family court definitively included the disability benefit in its ultimate award.

¶ 7 The trial court stated Burl's gross monthly income to be $3,003.85. That sum was specifically asserted as having been arrived at by adding $1,705.00 in Social Security, *$1,026.00 in Title 38 disability benefits,* and $272.85, in pension monies. (emphasis added). The only confusion introduced is the trial court's assertion it also attributed minimum wage ($7.50 per hour) times thirty (30) hours per week, for what would appear to have been attributed income of $975.00 per month to Burl. However, it is only possible, mathematically, to arrive at the $3,003.85, stated by the trial court as Burl's gross monthly income, if the minimum wage attribution is ignored, and Burl's disability monies are utilized.

¶ 8 Contrary to the mandatory language of A.R.S. § 25–530, the gross monthly income calculation contained within the record on appeal indicates the family court included Burl's Title 38 disability benefits within its consideration of his monthly income when determining the spousal maintenance award pursuant to A.R.S. § 25–319(B)(4). As previously addressed by our appellate courts, "[t]he mandate of § 25–530 as applied to § 25–319(B)(4) and (5) is clear—when evaluating the ability of the spouse from whom maintenance is sought to meet that spouse's needs and the comparative financial resources of the spouses, the court shall not take into account, regard, or consider the portion of that spouse's income derived from title 38 benefits." *In re Marriage of Downing,* 228 Ariz. 298, 300, ¶ 7, 265 P.3d 1097, 1099 (App.2011) (internal quotations omitted); *see In re Marriage of Priessman,* 228 Ariz. at 339, ¶ 10, 266 P.3d at 365 ("The plain language of § 25–530 prohibits trial courts from considering disability benefits awarded pursuant to 38 United States Code chapter 11. Thus, in determining whether to award spousal maintenance or the amount of an award, trial courts are prohibited from considering disability benefits awarded pursuant to title 38.") (internal quotations omitted).

## CONCLUSION

¶ 9 Accordingly, the family court should not have considered Burl's Title 38 service-connected disability benefits in calculating the spousal maintenance award. Therefore, the ruling is vacated and this matter is remanded to the family court for further proceedings consistent with this opinion.

---

**2.** A.R.S. § 25–530 ("In determining whether to award spousal maintenance or the amount of any award of spousal maintenance, the court shall not consider any federal disability benefits awarded to the other spouse for service-connected disabilities pursuant to 38 United States Code chapter 11.").