NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Marriage of:

RAKESH MALHOTRA, *Petitioner/Appellee*,

*v.*

NEERA MALHOTRA, *Respondent/Appellant*.

No. 1 CA-CV 18-0403 FC
FILED 8-20-2019

---

Appeal from the Superior Court in Maricopa County
No. FC2006-009701
The Honorable Timothy J. Thomason, Judge

**VACATED AND REMANDED**

---

COUNSEL

Stinson Leonard Street LLP, Phoenix
By Lonnie J. Williams, Jr.
*Counsel for Petitioner/Appellee*

Alexander R. Arpad, Phoenix
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Acting Presiding Judge Kenton D. Jones and Judge Maria Elena Cruz joined.

---

**T H U M M A**, Judge:

¶1          The dispositive issue in this appeal is whether a July 2015 post-decree judgment properly distributed the assets Neera Malhotra was awarded in a May 2011 Decree ending her marriage to Rakesh Malhotra. Because the Decree awarded Neera specific assets (not the listed value of those assets), and because the values of many of those assets were different than those listed in the Decree, the July 2015 judgment is vacated and this matter is remanded for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2          Rakesh petitioned for divorce in late 2006, and after significant motion practice and a trial, in May 2011, the court entered the Decree. Rakesh, who is a medical doctor, was the chief operating officer of Saguaro Medical Associates (SMA). SMA had a retirement plan called the SMA Pension Plan or Profit Sharing Plan (the Plan). Along with awarding other assets, as relevant here, the Decree stated:

> At trial, it was undisputed that the following assets titled in the [Plan] were community property. The values of these assets were also undisputed: Cash in the amount of $12,000; stocks and bonds valued at $572,226; Cash value of two New York Life insurance policies in the amount of $290,000.

> **IT IS ORDERED** awarding these assets
> of the [Plan] to [Neera] as her sole and separate
> property.[1]

Elswehere, the Decree noted the assets awarded to Neera included nearly $950,000 in liquid assets (apparently including the Plan assets awarded to her) and awarded her $6,292 "to equalize the division of community property."

¶3 No appeal was taken from the Decree and the award of the assets to Neera has never changed. Had these assets been distributed to Neera when the Decree became final, there would have been no issue. Unfortunately, no such timely distribution occurred, due to apparent intransigence, a generous ration of motion practice and Neera filing for bankruptcy after entry of the July 2015 judgment at issue here.

¶4 Given that the assets were not timely distributed, economic good fortune (both before and after entry of the Decree) has caused the dispute resulting in this appeal. Notwithstanding the values attributed to the Plan assets awarded to Neera in the Decree: (1) at the time of the entry of the Decree, those assets were worth more than the value listed in the Decree and (2) the assets continued to appreciate in value after the entry of the Decree. Whether the July 2015 judgment properly took this into account is the dispositive issue in this appeal.

¶5 By 2015, the distribution of Plan assets awarded to Neera in the Decree was a significant point of friction. A February 2015 minute entry thoughtfully addressed the dispute, noting "that the parties are not in as much disagreement as they first seemed to be." With regard to the Plan assets awarded to Neera in the Decree, that February 2015 minute entry stated:

> [a]pparently, income has been earned on the [Plan] assets or the [Plan] assets have appreciated and the value of these assets

---

[1] The appellate briefs provide various views on whether these assets were the only assets held by the Plan, whether the Decree awarded Neera all Plan assets and whether the Decree awarded Rakesh other Plan assets. The Decree as well as post-Decree orders make clear other Plan assets included an interest in land in Gila Bend and a Wells Fargo (or Wachovia) account XXXX-2772. Because the parties have not shown how those other Plan assets are relevant here, they are not discussed further.

exceeds the value in 2006. Questions asked at oral argument did not elicit clear answers as to the current status of the [Plan] assets or precisely what the parties are really "fighting about."

[Rakesh], however, is not claiming the income from, or increase in value of, the [Plan] assets. In fact, [Rakesh] conceded at [the] hearing that income from, or appreciation of, assets awarded to [Neera] belong to [Neera]. As such, [Neera] is entitled to the benefit of any increase in value of the [Plan] assets or income earned on those assets, not [Rakesh].

The parties should have divided up the assets long ago. The parties need to do an accounting immediately. The stocks and bonds that existed as of December 31, 2006 that were valued at $572,226 need to be identified. Any appreciation of these assets, or income earned from those assets, needs to be traced and provided to [Neera]. Similarly, income earned from the $12,000 in cash and $290,000 [representing the insurance policies] must be traced and provided to [Neera].

¶6 After further briefing, a July 2015 minute entry again stated that Neera is entitled to appreciation on these assets, finding the appreciation "methodology proposed by [Rakesh] is reasonable." In the July 2015 judgment that followed, the court applied the methodology Ramesh proposed and distributed to Neera "the following assets from the" Plan:

| | |
|---|---|
| **Stocks, Bonds and Cash** | $584,226.00 |
| **Appreciation on Stocks, Bonds and Cash – as of June 30, 2015** | $174,545.15 |
| **Cash Value of NY Life Policies** | $290,000.00 |

| | |
|---|---|
| **Appreciation on Cash Value Of Life Policies – as of July 10, 2015** | $ 93,455.95 |
| **TOTAL** | **$1,142,[]227.11** |

As discussed below, at the time of the entry of this July 2015 judgment, the assets awarded to Neera in the Decree were in fact worth $1,334,055.30. The July 2015 judgment awarded Rakesh "[a]ll remaining assets," including the $191,828.18 difference between the amount awarded to Neera in the judgment and the value of the assets awarded to her in the Decree at the time the judgment was entered.

¶7        Additional motion practice, a stay when Neera filed for bankrupty and this timely appeal followed. Neera argues the July 2015 judgment should have distributed to her the total value of the assets awarded to her in the Decree ($1,334,055.03), not the $1,142,227.11 actually awarded in the judgment. Stated differently, Neera claims the July 2015 judgment awarded her $191,828.18 less than it should have. This court has jurisdiction over the appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) section 12-2101(A)(2) (2019).[2]

## DISCUSSION

¶8        The parties disagree about the appropriate standard of review. Neera asserts, correctly, that the interpretation of a decree is reviewed de novo. *See Cohen v. Frey*, 215 Ariz. 62, 66 ¶ 10 (App. 2007). Rakesh asserts, also correctly, that a ruling on a post-decree petition is reviewed for an abuse of discretion. *See In re Marriage of Priessman*, 228 Ariz. 336, 338 ¶ 7 (App. 2011). To complete the picture, issues of law are reviewed de novo, while issues of fact are reviewed for an abuse of discretion. *See Danielson v. Evans*, 201 Ariz. 401, 406 ¶ 13 (App. 2001); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48 ¶ 13 (App. 1998). With these standards in mind, the court first addresses Rakesh's procedural arguments.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## I.     The Appeal Is Timely.

**¶9**        Rakesh argues the appeal is untimely because Neera did not appeal a Qualified Domestic Relations Order (QDRO) entered in August 2011 or a February 2015 order addressing some of the same issues. Assuming those decisions were appealable orders, Rakesh has not shown how Neera was aggrieved by those decisions or that they were inconsistent with the Decree. *See* Ariz. R. Civ. App. P. 1(d) (requiring a party to be aggrieved to appeal). It was not until entry of the July 2015 judgment, which distributed to Neera less than all the appreciation of the assets awarded, that she was aggrieved.  Neera timely appealed from that judgment.

## II.     Neera's Failure To Include An October 28, 2011 Order Is An Insufficient Ground For Remand.

**¶10**        Rakesh notes Neera filed a motion for new trial in April 2018 and, in her reply in further support of that motion, asserted an October 28, 2011 order was not previously considered by the superior court. That court denied Neera's motion for new trial. Rakesh argues it was improper to use a motion for new trial to have the court consider evidence that was available at the time of prior motion practice. In her reply on appeal, however, Neera states that her "appeal is not based on the significance of the October 28, 2011 Order" and that she "is not making any separate arguments" based on that order. Accordingly, the October 28, 2011 order is not at issue on appeal and does not provide any ground for remand.

## III.     The Decree Is Not Ambiguous.

**¶11**        Rakesh argues the Decree is not ambiguous and that any attempt to rely upon "'extrinsic items not referenced or incorporated into the Decree" is improper, as "those items have no bearing on the interpretation of the Decree." The Decree, on its face, awarded Neera certain Plan assets. The various orders entered after the Decree, including the July 2015 judgment, consistently state the Decree awarded Neera specified assets. Indeed, although pressing alternative arguments, Neera's opening brief states that "[t]he Decree is not ambiguous." As such, there is agreement that the Decree is not ambiguous and that extrinsic evidence about the meaning of the Decree should not be considered. *See In re Marriage of Zale*, 193 Ariz. 246, 249-50 ¶¶ 11-15 (1999).

IV.     **The July 2015 Judgment Did Not Properly Distribute To Neera The Plan Assets Awarded To Her In the May 2011 Decree.**

¶12          As correctly noted by the superior court in February 2015, "the parties should have divided up the assets long ago." The parties did not do so, however, meaning the issue is whether the July 2015 judgment correctly distributed to Neera the Plan assets awarded to her in the May 2011 Decree. Resolving that issue involves comparing what should have happened, had those assets been distributed soon after entry of the Decree, with what actually happened when they were distributed in the July 2015 judgment.

¶13          Making such a comparison involves (1) identifying the Plan assets awarded to Neera in the Decree; (2) identifying the correct value of those assets awarded to Neera at the time of the Decree and (3) identifying the correct value of those assets at the time of the July 2015 judgment. If the correct value of those assets as of July 2015 is reflected in the July 2015 judgment, there was no error. If, by contrast, the values are different, the July 2015 judgment did not properly distribute to Neera the Plan assets awarded to her in the Decree.

¶14          The Decree awarded Neera three categories of Plan assets: (1) cash; (2) stocks and bonds and (3) the cash value of two New York Life insurance policies. As the superior court has stated consistently for years, the Decree awarded Neera the assets, not the *value* of the assets, notwithstanding that the Decree listed values for the categories of assets awarded. A filing by Rakesh on July 21, 2015, two days before the entry of the July 2015 judgment, provides values for the assets awarded to Neera both as of April 30, 2011 (days before the entry of the Decree) and shortly before the entry of the July 2015 judgment. This filing provides the valuations needed for this key comparison.

¶15          Although combining cash with stocks and bonds, the April 30, 2011 values for the assets awarded to Neera are:

| Valuation Date | Category | Valuation |
|---|---|---|
| April 30, 2011 | Stocks, Bonds and Cash | $682,517.00 |
| April 30, 2011 | Life Insurance Policies | $349,829.00 |
| | Total | $1,032,346.00 |

Although the Decree was entered a few days later (May 5, 2011), these are the approximate values of the assets awarded to Neera in the Decree. As such, they are akin to the value that she would have received if those assets were distributed to her shortly after the Decree became final. Because that distribution did not occur, however, it is necessary to look at the value of these same assets at the time of the entry of the July 2015 Judgment.

**¶16**        The July 21, 2015 filing notes that Rakesh withdrew $50,000 from the stocks, bonds and cash allocation in May 2011, even though the Decree awarded those assets to Neera. After that withdrawal, the July 2015 values for the assets awarded Neera in the Decree are:

| Valuation Date | Category | Valuation |
| --- | --- | --- |
| June 30, 2015 | Stocks, Bonds and Cash | $821,489.72 |
| July 10, 2015 | Life Insurance Policies | $462,565.56 |
| | Total | $1,284,055.28 |

Adding the $50,000 Rakesh withdrew in May 2011 (without interest on that amount through July 2015), the assets awarded to Neera in the Decree were valued at approximately $1,334,055 when the July 2015 judgment was entered. The July 2015 judgment, however, awarded Neera $1,142,227.11. Accordingly, the July 2015 judgment awarded Neera $191,828.18 less than the July 2015 actual value of the assets awarded to her in the Decree, without any interest on the $50,000 from May 2011 through July 2015.

**¶17**        Because the distribution in the July 2015 judgment does not properly reflect the value, at that time, of the assets awarded to Neera in the May 2011 Decree, it cannot stand. Accordingly, the July 2015 judgment is vacated. Given the passage of time, as well as the need to account for interest on the $50,000 Rakesh withdrew in May 2011, this matter is remanded to allow the parties to brief the correct, current value of the Plan assets awarded to Neera in the Decree, to be used in entering a new judgment distributing that amount to Neera.[3]

---

[3] Given this conclusion, the court does not address the parties' alternative arguments raised on appeal.

## V.   Attorneys' Fees And Costs.

**¶18**     Both Neera and Rakesh request award of their respective attorneys' fees incurred on appeal under A.R.S. § 25-324. In the exercise of the court's discretion, both fee requests are denied, although Neera is awarded taxable costs on appeal contingent upon her compliance with Ariz. R. Civ. App. P. 21.

## CONCLUSION

**¶19**     For the foregoing reasons, the July 2015 judgment is vacated and this matter is remanded for proceedings consistent with this decision.

